ROATH and another *against* SMITH and others:

### IN ERROR.

New-London,
July,
1823.

Roath
*v.*
Smith.

| 5 | 133 |
| 72 | 467 |

The heirs of a deceased mortgagee cannot sustain a bill of foreclosure, but it must be brought in the name of the executor or administrator.

This was a bill in chancery for a foreclosure of mortgaged premises, brought originally to the county court in *New-London* county. The plaintiffs were *Francis, Edward, Mary-Ann, Fanny* and *Elizabeth Smith*, who were averred to be children, and the only heirs at law, of *Francis Smith* deceased, the mortgagee. The defendants were *Rufus Roath*, the mortgagor, and *Walter Roath*, assignee of the equity of redemption. They pleaded in abatement, that the bill was not duly signed; averring, that said *Francis Smith*, who was an adult, had not signed the bill, either by himself or his attorney, and that the other plaintiffs, who were minors, had not subscribed it themselves, or by guardian, agent or attorney. The plaintiffs replied, that said *Francis Smith* signed the bill, by his attorney, *George Perkins;* and that the other plaintiffs, by their guardian, *George Tisdale*, signed the bill, by said *Tisdale's* attorney, *George Perkins;* traversing the averments in the plea; which the plaintiffs prayed might be enquired of, by the court. To this replication the defendants demurred, and assigned the following causes of demurrer, *viz.* that said replication was double, argumentative, uncertain, and concluded, by putting the plaintiffs on the court, and not by a verification; and that it was, in other respects, informal and insufficient. The court adjudged the plaintiffs' replication to be sufficient. The defendants then filed a general demurrer to the bill; on which the plaintiffs prevailed; and a decree of foreclosure, in the usual form, was passed in their favour. The mortgage debt allowed by the decree, included the sum of 7 dollars, 54 cents, being the costs of suit in an action of ejectment previously brought, by the plaintiffs, against *Rufus Roath*, the mortgagor, to obtain possession of the mortgaged premises. This judgment, the superior court, on a writ of error, affirmed; and thereupon the present writ of error was brought.

*Gurley* and *Hill*, for the plaintiffs in error, contended, 1. That the bill was not duly signed. [This point was not much pressed.]

*New-London,*
July,
1823.

Roath
*v.*
Smith.

2. That the heirs of a mortgagee, who has only a chattel interest, cannot bring a bill of foreclosure. *Pow. Mort.* 1047. and cases cited *ibid. Turner's* case, 2 *Ventr.* 348. *Fish* v. *Fish*, 1 *Conn. Rep.* 559. *Barkhamsted* v. *Farmington*, 2 *Conn. Rep.* 600.

3. That the assignee could not be compelled to pay the costs, which accrued in another suit, against the mortgagor alone.

*Goddard* and *C. Perkins*, contra, after remarking, that as it did not appear that any executor or administrator had been appointed, or that there were any debts against the estate, if the heirs could, in any supposable case, sustain a bill for foreclosure, it must be conceded, that the present bill was well brought, contended, 1. That a mortgage consists of two parts,— the debt and the pledge,—the former being personal property, subject to the controul of the executor or administrator, and the latter being real estate, which descends to the heirs of the mortgagee, and is held in trust by them, either for the mortgagor, in case he pays the debt, or for the personal representative of the mortgagee, in case he has occasion to resort to it for the money. *Pow. Mort.* 688. 3 *Eq. Ca. Abr.* 592. 8 *Mass. Rep.* 556. 558. 561. The practice, in this state, has been, to bring bills for foreclosure, in the name of the heirs, unless the money is wanted to pay debts, and in that case, in the name of the executor or administrator. 2 *Swift's Syst.* 438. And if there be debts, the heirs, on paying the mortgage money to the executor or administrator, are entitled to take the benefit of the foreclosure to themselves. *Clerkson* v. *Bowyer* & al. 2 *Vern.* 67.

2. That the allowance of the plaintiffs' costs, which accrued in recovering possession of the mortgaged premises, did not render the judgment erroneous; first, because such costs properly constituted a part of the incumbrance; secondly, because such allowance was a matter of discretion, and not the subject of error; and thirdly, because if the allowance were wrong and the subject of error, still the judgment would be reversed as to costs only.

Hosmer, Ch. J. The bill having been signed by the attorney of *Francis Smith*, in his name, and by the attorney of the guardian, in his name, and in the names of the minors, the objection that it was not duly subscribed, cannot be supported.

The replication to the defendants' plea of abatement, comprises an affirmative averment of the facts, which in the plea

New-London,
July,
1823.

Roath
v.
Smith.

had been negated, and without the introduction of any new matter; and where there is an affirmation on the one side, and a negation on the other, or *vice versa*, the conclusion must be to the contrary. 1 *Wms. Saund.* 101. n. 1.—1 *Chitt. Plead.* 592. The traverse was wholly immaterial, being the denial of a negative, and of the same facts, which the plaintiffs had answered by their averment; and although the traverse was defective, yet a defect in the traverse can only be taken advantage of, by special demurrer. 1 *Chitt. Plead.* 598.—1 *Wms. Saund.* 14. n. 2. The demurrer, it must be admitted, was special; but the causes specially assigned, had exclusive reference to the body of the plea, and not to the traverse, the propriety of which is not called in question.

The costs which accrued in the action of ejectment, brought to recover the mortgaged premises, and enforce the payment of the sum secured by the mortgage, were equitably allowed as a lien, which ought to be removed, before the redemption of the estate was permitted.

The only question in the case, of any moment, is, whether the heirs of the mortgagee, there being neither executor nor administrator, were so utterly destitute of title, as to be incapable of sustaining a bill of foreclosure. On the pleadings, there is no intimation, that *F. Smith* left a last will and testament, or that the administration of his estate had been committed to any person; and although the defendants demurred to the bill, it was a general demurrer, without the specification of any cause. If there was an executor or administrator, and the defendants had intended to avail themselves of the fact, they should have placed it on the record; and not having done this, it must be assumed, in this case, that neither executor nor administrator existed.

To simplify the case, I will state a few indisputable principles, that the controversy being narrowed to a point, its merits may be more conspicuous.

It has long and uniformly been established, for more than a century and an half, that in all mortgages, the money belongs to the executor or administrator, and not to the heir. *Meeker* v. *Tanton,* 2 *Chan. Ca.* 29. *Demarest* v. *Winkoop,* 3 *Johns. Chan. Rep.* 145. In —— v. *Hicks,* 1 *Vern.* 412. as early as the year 1686, it was decided, that all mortgages should be looked on as part of the personal estate; "and that it was now grown the established rule of the court." This was not novel doctrine, but had been settled some time before. *Thornbo-*

rough v. Baker & al. 1 Chan. Ca. 283.   Noy v. Ellis, 2 Chan. Ca. 220.  Wynne v. Littleton, 2 Chan. Ca. 51, 2.  Turner's case, 2 Ventr. 348.   Sir Thomas Littleton's case, 2 Ventr. 351.  Turner v. Turner, 2 Rep. Chan. 155.   Turner v. Crane, 2 Rep. Chan. 242.  Pawlett v. The Attorney General, Hardr. 465. 467. 1 Eq. Ca. Abr. 326, 7. pl. 1. 2.   2 Pow. Mort. 684. & seq. This remark I have been induced to make in answer to a supposed fluctuation, on this subject, until very recently, which is an entire misapprehension.

As a consequence resulting from the preceding principle, if the heir of the mortgagee exhibit a bill to have the mortgagor pay the money, or be foreclosed ; it is a good cause of demurrer, that the executor of the mortgagee, who may have title to the mortgage money, is no party.   Freak v. Hearsey, 1 Chan. Ca. 51.  2 Pow. Mort. 1047.   But in such case, it must appear, on the face of the bill, that there is an executor ;  and the demurrer, for want of a necessary party, must specifically show, who was the party wanting, in such manner, as to point out to the plaintiffs, the objection to their bill, and enable them to amend it, by adding the proper party ;  which, had there been an executor or administrator, unquestionably they might have done.   Coop. Eq. Plead. 187.  2 Atk. 510.  2 Madd. Chan. 142.  That in this state, where we retain the antient way of making mortgages, of the freehold and inheritance, (1 Pow. Mort. 6.) and have neither the modern mortgages of terms for years, which, on the death of the mortgagee, are vested in his personal representatives, nor the authority to order a foreclosure and sale, the heir must be a party plaintiff with the executor, is not susceptible of dispute.   The reason is, that an executor of a mortgagee, will be restrained from enforcing payment, by bill of foreclosure, where there is no heir of the mortgagee, bound to reconvey ; (1 Mad. Chan. 421. 1 Scho. & Lef. 177.) and the heir cannot be thus obliged necessarily, and without the right of controverting the demand for reconveyance, unless he is a party to the bill for foreclosure.

Another consequence results from the principle, that the executor or administrator has a right to the money secured by a mortgage ; and, that is, if it comes out upon the hearing, that there is an executor or administrator, who is not a party, the plaintiff in the cause cannot be permitted to proceed. 2 Pow. Mort. 1047, 8.  But as the heirs were permitted to proceed, and obtained a decree of foreclosure, it is incontrovertibly manifest, upon the legal presumption, that the court exercised its

jurisdiction soundly, that it was not made to appear before them, that there was either an executor of the deceased, or an administrator on his estate.

New-London, July, 1823.

Roath
v.
Smith.

Assuming it, then, as an incontrovertible position, that there was neither executor nor administrator, the enquiry arises, have the heirs of *F. Smith* any title, or interest, in the mortgage in question.

The heir is a trustee of the pledge ; (2 *Pow. Mort.* 686.) for, as was said, in *Demarest* v. *Wynkoop*, 3 *Johns. Chan. Rep.* 145. " though the technical fee may descend to the heir, he takes it *in trust* for the personal representatives." After the mortgage money is paid, the heir becomes trustee for the mortgagor ; and if the day prefixed for the payment of the money, had passed, before the payment, it becomes necessary, that the mortgagee, if living, or his heir, after his death, should reconvey the estate. *Sage* v. *Phelps,* 2 *Day* 151. The heir of the mortgagee is invested with the legal title, or an action of ejectment could not be sustained by him, nor a valid conveyance be made. This principle is perfectly consistent with the doctrine, that *essentially* the mortgagor has the fee-simple, and the mortgagee only a chattel interest, incapable of being set off on execution for his debts, or of a right of dower in his wife. Let the possible case be admitted, that the mortgagee dies entirely free from debt, leaving no last will, and that no administration is taken out on his estate ; I put the question, for whom are the heirs trustees, or who are the *cestui que trusts ?* I answer, they are trustees for themselves ; because they have the sole equitable right to the money. If there had been an executor, and the money had gone into his hands, there being no debt nor charge, he would be trustee for the heirs. Why trustee for the heirs ? Because theirs is the equitable right. Now, what difference can exist, if there are no debts or charges against the deceased's estate, so far as respects the claim and character of the heirs, (and it does not appear that there are any) whether the money was in the possession of an executor accountable for it to them, or in their own possession ?

With the above principles in view, I will now attend to the precise question, on which the case must turn.

There having been no executor of the mortgagee, nor administration on his estate, nor, so far as appears, any debts against it, are the heirs so utterly without title, that the decree of foreclosure in their favour, ought to be reversed ?

1. The law on this subject has been long established.

New-London,
July,
1823.

Roath
v.
Smith.

"A foreclosure," (it is said in *Powell* on *Mortgages*, page 1048, 9.) "obtained on a bill exhibited by the heir at law, *will be binding*, although the executor or administrator be not a party; for if the executor or administrator of the mortgagee, should afterwards come against the heir of the mortgagee, to have the benefit of the mortgage, the heir, in case the land be worth more than the money, may pay him the money, and take the benefit of the foreclosure to himself." For this principle the above-mentioned author cites the case of *Clarkson* v. *Bowyer*, 2 *Vern.* 66. which fully supports the preceding position. The case clearly implies the right of the executor to the mortgage money, and was determined in 1688, two years after the decision in the bill against *Hicks*, in the same court, by which a forfeited mortgage was adjudged to be personal estate. In *Gobe* & ux. v. Earl of *Carlisle*, cited in the last case, "where the heir of the mortgagee, had foreclosed the mortgagor, the executor of the mortgagee being no party; upon a bill, by the executor against the heir of the mortgagee, and against the mortgagor, the land was decreed to the executor." It had before been decided, that as in all mortgages, the money belongs to the executor or administrator, if the heir of the mortgagee exhibit a bill of foreclosure, it is good cause of demurrer, that the executor of the mortgagee is no party. 1 *Chan. Ca.* 51. 2 *Chan. Ca.* 29. 2 *Pow. Mort.* 1047. The cases of *Clarkson* v. *Bowyer*, and *Gobe* & ux. v. Earl of *Carlisle*, have been reported, and referred to, as established law, in all the successive publications on the subject, to the present time. 1 *Eq. Cas. Ab.* 327. 2 *Pow. Mort.* 1048. 2 *Fonbl.* 289. Now, these cases explicitly declare, *that a foreclosure obtained by an heir at law, is binding,* although the executor or administrator, be no party; and as clearly they imply, what before these cases were determined, and ever since, has been established law, that the mortgage was personal estate, and the money due to the executor.

That a foreclosure obtained by the heir at law, is valid, when no executor or administrator existed, or there was no exception made on that ground, was recognised as sound law, by a celebrated Judge in a neighbouring state, in his treatise "of mortgages," (8 *Mass Rep.* 562.) and by two learned judges of our own state, both of whom are deceased; and the right of the heir to foreclose, is expressly affirmed, in the "*System*" of the laws of *Connecticut.* 2 *Swift's Syst.* 438. Conformably with this principle, so far as I have knowledge, has been the general practice in this state; and the present case, I believe, is the first, in

*New-London,*
July,
1823.

Roath
*v.*
Smith.

which its propriety has been questioned. I consider this point of law too firmly established, to be uprooted, by a determination of court, on the anticipation of possible inconveniences, without the assumption of an authority dangerous to the existence of other well settled principles.

2. On principle. It cannot, in my opinion, be rightly asserted, that the heirs, upon the facts appearing in this case, were without any title, which chancery would recognise. There being neither executor, nor administrator, nor debts, so far as the court have any right to infer, the heirs, being trustees, have not only a legal title to the estate mortgaged, but an equitable right to the mortgage money. To repel this position, a case must be imagined, differing, in some essential particular, from the one before the court ; and upon the facts appearing, it would be an unreasonable hardship, to compel the taking out letters of administration, and proceeding, in all the legal forms, to the settlement of an estate, free from indebtedness, which perhaps consists solely of the property foreclosed, or of the money paid on the decree of foreclosure. It is sufficient, that an executor or administrator, should one appear, has right to the mortgage money, and may compel payment of it from the heirs. It has been said, that they may become insolvent, and the collection of the money be frustrated. Undoubtedly, this is true ; and it is equally true, that the executors may fail, and their bondsmen, so as virtually to annul the claim of the heirs upon them, should the money reach their hands.

It is unnecessary to pursue the subject further. If the matter were *res nova*, a more particular attention to the principle would be necessary. But, I trust, I have proceeded sufficiently far, to shew that there are not inconveniences so gross, and palpable, as to authorise the subversion of established law and practice, both ancient and uniform.

PETERS, J. The record before us presents several questions ; a decision of one ends the case. Are the heirs of a mortgagee entitled to foreclose an equity of redemption ; or must the bill be brought in the name of his executor or administrator ? By the common law, as well as by our statute, the real estate of a person dying intestate descends to and vests in his heirs ; but personal estate does not so descend or vest, until distributed by the court of probate. The fee of land mortgaged is in the mortgagor ; but the mortgage is an incident to the debt—a mere *chose in action*, and therefore vests, like all other chat-

*New-London,*
*July,*
*1823.*

*Roath*
*v.*
*Smith.*

tels, on the death of the owner, in his personal representative; and if an heir intermeddle therewith before distribution, he becomes an executor *de son tort,* or a trespasser. *Fish* v. *Fish,* 1 *Conn. Rep.* 559. 1 *Madd. Chan.* 29. *Roorbach* v. *Lord,* 4 *Conn. Rep.* 3⁴7. *Martin* d. *Weston* v. *Mowlin,* 2 *Burr.* 969. The foreclosure of a mortgage is one of the modes of enforcing payment, and must be prosecuted in the name of the executor or administrator of a deceased mortgagee. 2 *Swift's Dig.* 194. It can no more be sustained, by his heirs, than a suit upon a bond, or any other *chose in action.* I am, therefore, of opinion, that there is manifest error in the judgment complained of.

CHAPMAN, BRAINARD, and BRISTOL, Js. were of the same opinion.

Judgment reversed.