## SAMUEL F. MOSHER *vs.* JOHN VEHUE.

### Franklin.   Opinion March 9, 1885.

*Timber cut on mortgaged premises.   Replevin.*

Timber trees wrongfully cut by the mortgagor, or a stranger, may be taken and held by the mortgagee, or any one claiming under him; and neither the one who cut the trees, nor one who has purchased the trees of him, can maintain replevin for them.

ON EXCEPTIONS.

Replevin for a quantity of peeled hemlock logs.

The trees were cut and peeled by the husband of the mortgagor of the land in possession, and sold to the plaintiff. The mortgagee gave no permission for cutting the timber and subsequently assigned the mortgage and mortgage debt to the defendant.

The presiding justice ruled that the assignment of the mortgage carried with it the lumber in controversy, and that this action could not be maintained and directed a verdict for the defendent.

To this ruling the plaintiff alleged exceptions.

*H. L. Whitcomb*, for the plaintiff contended, that the assignment of the mortgage to the defendant did not pass the title to the logs in controversy. That the mortgagee could maintain trespass against the mortgagor for the value of the trees cut or he could recover the property; and that the assignment of the mortgage took the real estate as it then existed, and did not assign any right of action for a trespass previously committed. Counsel cited: *Gore* v. *Jenness*, 19 Maine, 53; *Savings Bank* v. *Barrett*, 122 Mass. 172; *Merritt* v. *Harris*, 102 Mass, 326; *Durgin* v. *Busfield*, 114 Mass. 492.

*S. Clifford Belcher*, for the defendant, cited: *Hills* v. *Eliot*, 12 Mass. 26.

WALTON, J.   We think the ruling in this case was correct. There can be no doubt that when timber trees are wrongfully cut

upon mortgaged premises by the mortgagor or a stranger, without the consent of the mortgagee, the latter is entitled to take and hold possession of them. And we think it is equally clear that if the mortgagee assigns his mortgage, the assignee has the same right in this particular which the mortgagee before had; and that, as against the mortgagee or his assignee, neither the wrong doer, nor a purchaser from him, can maintain replevin for timber so cut. Such in effect was the ruling in this case. We think the ruling was correct. *Smith* v. *Goodwin*, 2 Maine, 173; *Gore* v. *Jenness*, 19 Maine, 53; *Page* v. *Robinson*, 10 Cush. 99.

> *Exceptions overruled. Judgment on the verdict.*

PETERS, C. J., VIRGIN, LIBBEY, EMERY and HASKELL, JJ., concurred.