JAMES M. KELLER *et al.*

*v.*

WILLIAM BADING *et al.*

*Opinion filed November 8, 1897.*

1. MORTGAGES—*mortgagee's lien covers fund derived from condemnation of premises.*  A mortgagee who is not a party to proceedings condemning a part of the mortgaged premises has a lien upon the fund derived therefrom equal to the lien of the mortgage, and his equity therein is superior to that of a subsequent judgment creditor of the mortgagor.

2. EQUITY—*mortgagor may maintain bill to compel application of fund derived from condemnation.*  Where a fund derived from condemnation of mortgaged premises is in the hands of a third party, who refuses to pay it over to the mortgagor or the mortgagee because it is claimed by a judgment creditor of the mortgagor, equity will determine the rights of the parties and order the fund paid over.

3. COSTS—*when costs are properly awarded against defendant.*  In a proceeding in equity by a mortgagor to compel a third party to pay over to the mortgagee a fund derived from condemnation of the mortgaged premises, which he has refused to do because the fund was claimed by a judgment creditor of the mortgagor, costs are properly awarded against the judgment creditor who unsuccessfully contested the right of the mortgagor to a decree.

*Keller* v. *Bading,* 64 Ill. App. 198, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. JOHN BARTON PAYNE, Judge, presiding.

Appellees, husband and wife, were seized in fee simple, as tenants in common, of a certain lot which they occu-

pied as a homestead and had mortgaged to one Wagner to secure a note for $550, which note was assigned to one Caroline Leistikow. After the execution of that note and mortgage the Metropolitan West Side Railroad Company caused a part of the lot to be condemned, and a judgment was entered against that company for $553.65, which sum it paid to the county treasurer of Cook county. After the execution of the mortgage, and before the judgment of condemnation, appellants obtained in their favor a judgment for $314.50 against William Bading. Appellees authorized the county treasurer to pay the money arising from the condemnation proceedings to Caroline Leistikow, but as appellants claimed the same the county treasurer refused to pay the money to appellees on demand, or to Mrs. Leistikow. Thereupon appellees filed this bill, making the county treasurer, Leistikow and the Kellers parties defendant, and praying that upon a hearing the rights and interests of the parties to that money in the county treasurer's hands be ascertained and determined, and that partition of the same be made among those entitled thereto, etc. To this bill appellants filed their demurrer. Caroline Leistikow answered claiming the whole of said fund. The county treasurer was defaulted. The demurrer of appellants was overruled, and they elected to stand by the same. A decree was entered ordering the money paid to Caroline Leistikow, to be applied on her mortgage, and decreeing that appellants pay the costs. Appellants excepted to the order overruling their demurrer and awarding costs, and by appeal brought the case to the Appellate Court for the First District, where the decree was affirmed, and this appeal was prosecuted.

C. E. CRUIKSHANK, and FRED H. ATWOOD, for appellants.

ERNEST SAUNDERS, for appellees.

Mr. CHIEF JUSTICE PHILLIPS delivered the opinion of the court:

The money arising from proceedings condemning a part of appellees' lot belonged to them to the extent of their interest in the land as tenants in common, subject to the interest of the mortgagee. The mortgagee, by virtue of her mortgage, had a lien on the entire lot, and by the condemnation of a part of the lot her equitable interest therein was not destroyed, she not being a party to that proceeding, and her lien on the fund derived therefrom is equal to her lien on the mortgaged premises. Her equity therein is superior to that of a subsequent judgment creditor, and she was entitled to have the money paid to her. (*Colehour* v. *State Savings Institution,* 90 Ill. 152.) It was to the interest of appellees to have the money paid to her and thereby have their mortgage indebtedness paid. It was money they had a right to have applied, and when the county treasurer refused to pay it over they had a right to file this bill and have the court determine the rights of the parties to the fund and order it paid over. It is not a case of equal equities between two creditors, one of whom has security on two funds, but a case of a superior equity on a fund which the interest of the debtor requires to be paid to whoever was entitled thereto, and such debtors had a right to bring all the parties in interest before the court and have their rights determined. The claim asserted by appellants to this fund rendered the filing of this bill necessary on the part of appellees. Appellants did not disclaim, but by their demurrer denied the right to relief. They were actively contesting the right of appellees to have a decree, and the costs were properly awarded against them.

We find no error in this record, and the judgment of the Appellate Court for the First District is affirmed.

*Judgment affirmed.*