DOTHA M. McKELVEY *vs.* EDWARD A. CREEVEY.

Third Judicial District, Bridgeport, Oct. Term, 1899.　ANDREWS, C. J., TORRANCE, BALDWIN, HAMERSLEY and HALL, Js.

By the law of this State a mortgagee out of possession cannot maintain replevin against a *bona fide* vendee for a fixture which was severed and sold by the mortgagor while in possession.

Whether such mortgagee could recover damages for the intentional removal of fixtures whereby the value of his security was impaired, *quære.*

Argued November 1st, 1899—decided January 2d, 1900.

ACTION of replevin by a mortgagee for a furnace sold by

the mortgagor to the defendant, by whom it was removed from the mortgaged premises, brought before a justice of the peace and thence by the defendant's appeal to the Court of Common Pleas in Fairfield County and tried to the court, *Curtis, J.;* facts found and judgment rendered for the defendant, and appeal by the plaintiff for alleged errors in the rulings of the court. *No error.*

The finding states the following facts: On the 25th of January, 1895, Mary H. Hall, being the owner of a parcel of land in Bridgeport, executed and delivered a mortgage deed of the same, containing the usual covenants and condition of defeasance, to Burr and Knapp, and they on the same day assigned said mortgage to the plaintiff by quitclaim deed. Said mortgage and assignment were at once recorded. The plaintiff continued to be the owner of said mortgage till after this suit was brought. In September, 1898, "said mortgage became in default for condition broken," and the plaintiff obtained a decree of foreclosure in February, 1899. In January, 1899, "there was a furnace in the cellar of said house, which was standing therein over a cold-air pit made for a furnace. Said furnace was connected with the smoke, cold air and hot air, flues in said house."

On the 20th day of January, 1899, the mortgagor, who since the giving of the mortgage had remained, and was then, in possession of the mortgaged premises, representing herself to be the owner of said furnace, asked the defendant to buy it, and he did so, paying to her therefor $10 which was its fair value.

The defendant then removed the furnace from said premises and from the possession of the mortgagor. He bought the furnace in good faith, having no actual knowledge of the mortgage, but he made no inquiries of the mortgagor or others as to her title to the furnace.

Upon these facts the plaintiff claimed that she was entitled to reclaim the furnace from the defendant and in this action. The court below ruled otherwise, and the errors assigned upon this appeal are all based upon this action of the trial court.

*John C. Chamberlain*, with whom was *Elbert O. Hull*, for the appellant (plaintiff).

*William H. Comley, Jr.*, for the appellee (defendant).

TORRANCE, J.    In the court below and in the argument before this court, the case proceeded upon the assumption that the furnace in question was conveyed by the mortgage as a part of the real estate, by way of fixture, and for the purposes of the argument we adopt this assumption.

Upon the facts found the furnace must be regarded as having been severed from the realty by the mortgagor in possession before foreclosure, and as having been afterwards sold by her to the defendant, who bought with constructive notice of the mortgage, but otherwise in good faith and for value. The question presented upon the record is whether a fixture so severed and sold can be recovered by the mortgagee from such purchaser in an action of replevin.

This question is to be determined by our own law in relation to the respective rights of mortgagor and mortgagee in the land.    In this State, as in many of our sister States, "the law of mortgages has been built up on a series of legal fictions.    These have been created from time to time as a convenient means of defining and regulating the various estates to which conveyances may give rise."    *Ensign* v. *Batterson*, 68 Conn. 298, 309.    Some of these fictions, at first devised and applied in courts of equity, have for years past been recognized also by courts of law.    *Porter* v. *Seeley*, 13 Conn. 564, 573.    In form, and in legal theory, under our law, a mortgage in fee is a conveyance of the fee to the mortgagee.    It is an estate in the land upon condition, to become absolute upon non-performance of the condition.    The mortgagee is owner of the land, while the mortgagor has no legal estate therein until he performs the condition.    If he fails to do so all his right to the land is gone.    In substance and effect however, and except for a very limited purpose, the mortgage is regarded as mere security for the performance of the duty described in the mortgage deed; and the mortgagor is

for most purposes regarded as the sole owner of the land, "as well after forfeiture as before the execution of the deed; and the mortgagee has rather a power than an interest, the use of which is strictly limited to the collection of the debt, or enforcement of the duty, which the mortgage was intended to secure." *Porter* v. *Seeley, supra,* p. 573.

In this view of the matter the "equity of redemption" is regarded as the land, and its owner as the owner of the land, for most purposes; while the "estate in fee" of the mortgagee is, except for a limited purpose, regarded as personal estate and mere security. *Waterbury Savings Bank* v. *Lawler,* 46 Conn. 243, 245; *Downing* v. *Sullivan,* 64 id. 1, 3. In accordance with this view it has been held in the following cases that the estate of the mortgagor is subject to dower, descends to heirs, may be attached and set off on execution, may as real estate confer rights of settlement, is devisable and taxable as real estate, and is based upon a title sufficient to maintain ejectment; while to the estate of the mortgagee none of these incidents attach, save the right to maintain ejectment. *Fish* v. *Fish,* 1 Conn. 559; *Barkhamsted* v. *Farmington,* 2 id. 600, 605; *Huntington* v. *Smith,* 4 id. 235; *Roath* v. *Smith,* 5 id. 133; *Swift* v. *Edson,* ibid. 531; *Savage* v. *Dooley,* 28 id. 411.

As between mortgagor and mortgagee, however, it is the law of this State that the latter is regarded as having the legal title to the land; 2 Sw. Dig. (1st ed.) p. 166; *Wakeman* v. *Banks,* 2 Conn. 445; *Smith* v. *Vincent,* 15 id. 1; *Downing* v. *Sullivan,* 64 id. 1; but he is so regarded, as appears by the cases cited, only to a limited extent and for a limited purpose. He is regarded as having the legal title, and therefore as legal owner, mainly for the purpose of obtaining by ejectment or otherwise possession of the land, and holding it, in order to make his security available in payment of his debt. To that end, in the absence of any agreement to the contrary, he may take possession when he pleases, when he can do so peaceably, and may bring his action of ejectment when he will, without previous notice or demand, and recover the land with all the crops thereon.

2 Sw. Dig. (1st ed.) p. 166. He has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the mortgagor is so regarded, always subject of course to the mortgage.

It is upon this fact—that by our law the mortgagee is owner of the land for certain purposes—that the plaintiff in the present case bases her right to .the severed fixture. She says that it was hers while it was attached to the land, and that she did not lose her title to it by severance. Now it is true, with regard to fixtures which the owner in fee alone has the right to sever, that they belong to him when severed. The severance, although it changes the legal character of the thing from realty to personalty, does not change the ownership. The ownership of severed fixtures is one of the incidents of such an ownership of realty, and in case of a wrongful severance and removal, such owner can follow the fixture and reclaim it, or recover damages for its loss, by the ordinary remedies given by law to the owner of personal property. *Riley* v. *Boston Water Power Co.*, 11 Cush. 11; *Moody* v. *Whitney*, 34 Me. 563; *Johnson* v. *Elwood*, 53 N. Y. 431. The question, then, is whether this incident attaches, under our law, to the estate of the mortgagee out of possession. Is he the owner of a severed chattel as against the mortgagor in possession? Upon such a question it is quite conceivable that different courts would take, and in fact they have taken, opposite views.

In most, perhaps in all, of the other New England States, and in some others, the courts have held in effect that the mortgagee out of possession is owner of the severed chattel, and may reclaim it, or recover for its loss, from a purchaser from the mortgagor in possession, when the purchase was made under circumstances like those in the case at bar. *Mosher* v. *Vehue*, 77 Me. 169; *Langdon* v. *Paul*, 22 Vt. 205; *Sanders* v. *Reed*, 12 N. H. 558; *Waterman* v. *Matteson*, 4 R. I. 539, 544; *Southbridge Savings Bank* v. *Mason*, 147 Mass. 500. In New Jersey it has been held that such mortgagee could not maintain replevin for a fixture (a steam engine)

McKelvey v. Creevey.

severed and removed from the premises by the mortgagor or his assigns. *Kircher* v. *Schalk*, 39 N. J. L. 335.

In our own State, in *Cooper* v. *Davis*, 15 Conn. 556, it was in effect decided that the mortgagee out of possession could not maintain an action of trover for a fixture severed and sold by the mortgagor in possession. In that case the fixtures were severed and sold after a decree of foreclosure and a judgment and execution in ejectment had been obtained by the mortgagee, but before the day fixed for redemption; and in the opinion it is hinted that they were severed and sold with the design, on the part of the mortgagors, of impairing the security. That case in effect holds that the incident of ownership of severed fixtures, under circumstances similar to those existing in the case at bar, is one that attaches to the estate of the mortgagor in possession before foreclosure, and not to the estate of the mortgagee. The case was ably argued by eminent counsel, it was carefully considered, and was decided, all the judges concurring, upon the single point that the mortgagee was not the owner of the severed fixture as against a purchaser from the mortgagor in possession. This decision was made in 1843 and has never been overruled, nor has its validity been successfully called in question since. Indeed the principle underlying *Cooper* v. *Davis* was in effect applied by this court in 1877 in the case of *Whiting* v. *New Haven*, 45 Conn. 303, where it was held that the mortgagor in possession, rather than the mortgagee, was entitled to the compensation provided for part of the mortgaged property taken under the right of eminent domain; although in some other jurisdictions the decisions are the other way. *Keller* v. *Bading*, 169 Ill. 152; *Sherwood* v. *Lafayette*, 109 Ind. 411. While that case stands it is decisive of the present case in favor of the defendant; for if, under the circumstances, the mortgagee cannot, for want of title, recover from the purchaser the value of the fixture as damages, neither can he maintain an action of replevin against such purchaser; because under that decision such mortgagee as against such purchaser has neither

property in the fixture nor a right to its immediate possession, nor is it wrongfully detained from him.

The plaintiff claims, in effect, that *Cooper* v. *Davis* should be overruled, because the doctrine of that case is (1) inconsistent with the view held in this State that a mortgage in fee conveys an estate in fee, and (2) it operates harshly and even unjustly against the mortgagee.

As to the claimed inconsistency, that is perhaps true, but it is at most a technical rather than a real one, and our law relating to mortgages is full of such inconsistencies. The doctrine that severed and removed fixtures belong to the mortgagor rather than to the mortgagee, is no more inconsistent with our theory of the estates of each, than is our doctrine that dower and most of the other incidents of legal estates attach to the estate of the mortgagor and not to that of the mortgagee.

With regard to the other claim of the plaintiff, it may be true that the rule adopted in *Cooper* v. *Davis* operates harshly at times against the mortgagee; but the question is whether the opposite rule would not operate still more harshly and unjustly as against the mortgagor in possession, and purchasers from him. The real interest of the mortgagee in the land is measured by the amount of his debt and not by his deed. If the severance of a fixture does not in fact diminish his security, if after it is severed, as before, his security is ample, there exists no good reason why he should be held to be the owner of the severed fixture. He can prevent by injunction waste that would really diminish his security; he can take possession of the land at once or obtain it by the aid of a court of law, and can hold it till his debt is paid. In addition to this he is protected by a criminal statute against waste done with intent to defraud him, or with intent to lessen the value of the property. General Statutes, § 1445. The evils and inconveniences which the plaintiff claims inevitably follow from the adoption of the rule applied in *Cooper* v. *Davis*, have not heretofore been seriously felt in this State, nor do we think they will be in the future.

On the other hand, the adoption of the opposite rule would

work serious inconvenience and annoyance to mortgagors in possession, and those dealing with them. It would in effect make the mortgagor in possession liable to an action at law for waste, while under our law heretofore he has not been regarded as liable at law for waste, 1 Sw. Dig. (1st ed.) p. 166; and it would limit very materially the power, hitherto exercised by mortgagors in possession, of dealing with the land as their own, in reference to removal of fixtures and the commission of acts of technical waste.

This view of the matter is very well expressed in the opinion in the New Jersey case of *Kircher* v. *Schalk, supra,* p. 339, as follows: "Mortgagors in possession of estates subject to mortgages past due, are constantly, for purposes of repair or profit, detaching and removing buildings, fixtures, fences, trees, and other similar articles, without intending to impair, or, in fact, impairing the substantial rights of the mortgagees. If, for every removal, the occupants and those into whose possession the detached articles come, are liable to trover or replevin, at the instance of parties whose real rights have not been infringed, the privileges of landowners are less than they are generally esteemed, and less than they need be for purposes of justice."

On the whole we are of the opinion that the rule adopted in *Cooper* v. *Davis* is, in view of our doctrine as to mortgages, founded in good sense and upon solid reasons, and should be applied in cases like the one at bar.

It may be that the mortgagee could recover damages for the intentional removal of fixtures whereby the value of the security is impaired to his detriment, but that question is not before us here and is not decided.

There is no error in the judgment complained of.

In this opinion the other judges concurred.