[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
This is an action by the plaintiff, BRE, Inc., against the defendant, Superior Block Supply Co., for damages arising from the defendant's use and occupation of property known as 99 Stoddard Avenue, North Haven, Connecticut. (the property). The plaintiff is the holder of a mortgage on the property.[1] The defendant occupies the property.[2] The mortgagor, Plasticrete Block Supply Corp., is insolvent and is not a party to this action.[3]
The present complaint sounds in eight counts.[4] The gravamen of the complaint that the defendant has used and occupied the property to its benefit while diminishing the value of the property and failing to pay rent, taxes, water charges and license fees.
By motion dated September 3, 1997, the defendant moved to dismiss the present complaint on the ground that the plaintiff lacks standing, and the court therefore, lacks subject matter jurisdiction. On September 30, 1997, this court, Meadow, J., heard argument and testimony regarding the instant motion to dismiss.[5]
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Internal quotation marks omitted.)Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). The motion to dismiss shall be used to assert lack of subject matter CT Page 10348 jurisdiction. Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314 (1995). "Jurisdiction of the subject-matter is the power of the court to hear and determine cases of the general class to which the proceedings in question belong . . . . A court has subject matter jurisdiction if it has the authority to adjudicate a particular type of legal controversy . . . ." (Brackets omitted; internal quotation marks omitted.) Figueroa v.C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845 (1996). In the absence of standing, the court lacks subject matter jurisdiction to determine the merits of the case. State v. Anonymous,237 Conn. 501, 510, 680 A.2d 956 (1996). "[E]very presumption is to be indulged in favor of jurisdiction." Gurliacci v. Mayer, supra,218 Conn. 543.
"Standing is the legal right to set judicial machinery in motion. One cannot rightfully invoke the jurisdiction of the court unless he has, in an individual or representative capacity, some real interest in the cause of action, or a legal or equitable right, title or interest in the subject matter of the controversy . . . . Standing is not a technical rule intended to keep aggrieved parties out of court; nor is it a test of substantive rights. Rather it is a practical concept designed to ensure that courts and parties are not vexed by suits brought to vindicate nonjusticiable interests and that judicial decisions which may affect the rights of others are forged in hot controversy, with each view fairly and vigorously represented . . . . These two objectives are ordinarily held to have been met when a complainant makes a colorable claim of direct injury he has suffered or is likely to suffer, in an individual or representative capacity. Such a personal take in the outcome of the controversy . . . provides the requisite assurance of concrete adverseness and diligent advocacy." (Citations omitted.) Weidenbacher v. Duclos, 234 Conn. 51, 62,661 A.2d 988 (1995); see Gay Lesbian Law Students Ass'n v.Board of Trustees, 236 Conn. 453, 673 A.2d (1996) ("Standing requires no more than a colorable claim of injury; a plaintiff ordinarily establishes his standing by allegations of injury. Similarly, standing exists to attempt to vindicate `arguably' protected interests.").
A. Counts One Two
In count one, the plaintiff claims that the defendant, though in possession of the property, has failed to pay rent. In count two, the plaintiff claims that the defendant's failure to pay CT Page 10349 rent has unjustly enriched the defendant.
The defendant argues that the plaintiff has no standing to assert claims predicated on unpaid rent because only an owner of property can claim unpaid rent and the plaintiff is a mere mortgagee. "A mortgagee has the right to rentals paid by the tenant after it has taken possession or, if the mortgage so provides, after notice to the tenant that the rent should be paid to the mortgagee . . . . Even if rents and profits are specially pledged in the mortgage as security, the mortgagee has no right to them before the taking of possession by him, or before the taking of some action on his part to reduce the rents and profits to possession; before such time the rents and profits belong to a mortgagor, who may dispose of them according to his own desire without being liable to account therefore to the mortgagee . . . . The rationale behind this rule is that there is no privity between the tenant and the mortgagee until an affirmative act is taken." (Brackets omitted; citations omitted; internal quotation marks omitted.) 108 Old Kings Highway v.Opticare Health Center. P.C., Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 125252 (March 17, 1994) (Lewis, J.). In the plaintiff's foreclosure action against Plasticrete, the plaintiff, by application dated September 22, 1995, applied for the appointment of a receiver to, inter alia, collect rents from the defendant. The plaintiff has taken an affirmative act such that it is arguably entitled to rents. The court has jurisdiction to adjudicate the plaintiff's claims for unpaid rents.[6]
B. Counts Three, Five Six
Count three alleges that the defendant committed waste by spilling 5000 gallons of oil on the property. Count five alleges that the defendant committed waste by failing to pay property taxes because the resultant tax liens placed on the property take priority over the plaintiff's mortgage. Count six alleges that the defendant committed waste by failing to pay water use charges because the resultant liens decrease the value of the property. The defendant argues that only an owner of the property can maintain an action for waste.
"Connecticut adheres to the title theory of mortgages. It is undisputed that a mortgagee in Connecticut, both by common-law rule and by statute, is deemed to have taken legal title upon the execution of a mortgage on real property . . . . At the same CT Page 10350 time, however, we have recognized that the law of mortgages is built primarily on a series of legal fictions as a convenient means of defining the various estates to which conveyances may give rise . . . . Despite our title theory of mortgages, in substance and effect . . . and except for a very limited purpose, the mortgage is regarded as mere security . . . and the mortgagor is for most purposes regarded as the sole owner of the land . . . . The mortgagee has title and ownership enough to make his security available, but for substantially all other purposes he is not regarded as owner, but the mortgagor is so regarded, always subject of course to the mortgage." (Brackets omitted; citations omitted; internal quotation marks omitted.) Red RoosterConstruction Co. v. River Associates, Inc., 224 Conn. 563, 568,620 A.2d 118 (1993).
In McKelvey v. Creevey, 72 Conn. 464, 45 A. 4 (1900), an out-of-possession mortgagee brought a replevin action, seeking the return of a fixture severed from the mortgaged property by the mortgagor in possession. The court defined the issue as whether the ownership of the severed fixture attached to the mortgagee or to the mortgagor. Id., 468. The court held that the ownership of severed fixtures attached to the mortgagor in possession. Id. 469; see Cooper v. Davis, 15 Conn. 556, 560-61 (1843) (where fixtures are severed, the mortgagor in possession, not the mortgagee, can maintain a trover action.) The McKelvey court went on to state that "the adoption of the opposite result [where the mortgagee could maintain a replevin action] would work serious inconvenience and annoyance to mortgagors in possession, and those dealing with them. It would in effect make the mortgagor liable to an action at law for waste, while under our law heretofore he has not been regarded as liable at law for waste."McKelvey v. Creevey, supra, 72 Conn. 471-72.[7]
The instant case is distinguishable from McKelvey v. Creevey
because McKelvey dealt with the situation where the mortgagor was in possession of the mortgaged property. Conversely, in the instant case, the mortgagor is not only out of possession, but is insolvent as well. Moreover, the McKelvey court concluded that "[i]t may be that the mortgagee could recover damages for the intentional removal of fixtures whereby the value of the security is impaired to his detriment, but that question is not before us here and is not decided." McKelvey v. Creevey, supra,72 Conn. 471.
The plaintiff principally relies on McCorriston v. Salmon
CT Page 10351Signs, 244 N.J. Super. 503, 582 A.2d 1271, 1273 (1990), wherein the court stated that "[t]here is little reason in logic or equity to preclude a mortgagee lawfully in possession from asserting a claim for waste or damage to the mortgaged property against the party that has caused the waste or damage, whether the owner, a tenant or a third party. Even if the mortgagee is not in possession, if the waste or damage to the mortgaged property threatens to impair the mortgagee's security, and the mortgagor has failed or refused either to pursue the claim or to take other steps to avoid prejudicing the mortgagee's interest, the mortgagee has the right to protect his interest by pursuing the claim." "A mortgagee may maintain an action against a stranger to recover damages for the impairment of his security by the destruction, injury, or removal of a part of the mortgaged property." C.J.S.2d § 338. See also C.J.S.2d § 334 (Mortgagor liable for waste.); C.J.S.2d § 336 (Mortgagee liable for waste.). Indeed, "[t]he mortgagee has ownership enough to make his security available . . . ." Red Rooster ConstructionCo. v. River Associates, Inc., supra, 224 Conn. 568.
Under the facts of this case, the plaintiff asserts colorable claims of waste and arguably protected interests. This court has jurisdiction to adjudicate the plaintiff's claims of waste.
C. Count Four
Count four alleges that the defendant negligently spilled 5000 gallons oil on the property thereby damaging the property. Count four alleges that the defendant owed a duty of care to the plaintiff. The defendant claims that it owes no duty to the plaintiff. Duty is an essential element of negligence. RKConstructors v. Fusco Corp., 231 Conn. 381, 650 A.2d 153 (1994). A motion to dismiss is properly denied where the motion challenges the merits of the complaint rather than the jurisdiction of the court. Burritt Mutual Savings Bank of NewBritain v. Tucker, 183 Conn. 369, 372, 439 A.2d 396 (1981). "The fundamental aspect of standing . . . is that it focuses on the party seeking to get his complaint before the court and not on the issues he wishes to have adjudicated." (Brackets omitted.)Gay Lesbian Law Students Ass'n v. Board of Trustees, supra,236 Conn. 463. The defendant's challenge to count four improperly attacks the merits of the negligence claim asserted therein. The plaintiff has alleged a colorable claim of negligence and the court therefore has jurisdiction. CT Page 10352
D. Counts Seven Eight
Count seven alleges that pursuant to a letter agreement entered into by Fidelcor, the defendant's predecessor in interest, and CBT, the plaintiff's predecessor in interest, the defendant is liable for certain license payments. Count eight alleges that pursuant to said letter agreement the defendant must indemnify the plaintiff. The defendant further argues that the plaintiff lacks standing to assert counts seven and eight because the defendant never agreed to, saw, or even knew about such letter agreement. The defendant improperly challenges the merits of counts seven and eight rather than the court's ability to hear them. See Gay Lesbian Law Students Ass'n v. Board of Trustees,supra, 236 Conn. 463; Burritt Mutual Savings Bank of New Britainv. Tucker, supra, 183 Conn. 372. Daly Sons v. City of WestHaven, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 053211 (February 13, 1997). The court has jurisdiction to entertain counts seven and eight.
Based upon the foregoing reasoning, The court DENIES the plaintiff's motion to dismiss.
Frank S. Meadow Judge Trial Referee