### The DERBY BANK *against* LANDON.

June 21.

The taking possession of mortgaged premises, by the mortgagee, under a decree of foreclosure, is, by operation of law, an extinguishment of the mortgage debt.

THE original judgment having been reversed, pursuant to the advice of this Court, (2 *Conn. Rep.* 417. 419.) the cause was entered in the superior court, and tried again, on the general issue, at *New-Haven, January* term, 1819, before *Trumbull, Hosmer* and *Peters,* Js.

On this trial, it appeared, that the debt, in favour of the plaintiffs, against *Lewis,* on which the execution in question was founded, was secured to the plaintiffs, by mortgage ; that they had obtained a decree of foreclosure against the mortgagor ; that the time limited by the decree for redemption had expired ; and that the plaintiffs had taken possession of the mortgaged premises. These facts, the defendant contended, amounted to a satisfaction of the judgment and execution against *Lewis ;* and constituted, of course, a defence to the action. This claim was opposed by the plaintiffs ; the court de-

cided the point in their favour; and the issue was found for them accordingly. The defendant then moved for a new trial, on the ground that such decision was erroneous; and the court reserved the motion.

*N. Smith*, and *R. I. Ingersoll*, in support of the motion, contended, that whatever opposing *dicta* might be found in the writings of foreign jurists, it was well settled in *Connecticut*, that the taking possession of mortgaged premises, by the mortgagee, under a decree of foreclosure, is, by operation of law, an extinguishment of the mortgage debt. The mortgaged premises are thereby taken out of the nature of a pledge, and appropriated in payment. They cited *Coit* v. *Fitch, Kirb.* 254. 256. *M'-Ewen* v. *Welles,* admr. 1 *Root,* 202. 2 *Swift's Syst.* 440.

*Twining* and *Staples*, contra, relied upon *Hatch* v. *White,* 2 *Gallis. Rep.* 152. and the authorities referred to by Judge *Story,* in that case. They said, the point was *res integra* in this Court; and it ought now to be decided *upon principle,* and in accordance with the most respectable precedents.

HOSMER, Ch. J. This action is brought against the defendant, as *sheriff,* for the default of his deputy, in not serving and returning an execution against one *William Lewis.* Under the plea of not guilty, the defendant claimed, that the plaintiff had foreclosed the equity of redemption to certain mortgaged premises, which were collateral security to the note on which judgment was rendered, and on which judgment the above execution issued; and had entered into the possession of them. The superior court adjudged this to be no defence.

It is contended by the defendant, that the foreclosure mentioned, by operation of law, was an extinguishment of the judgment debt.

It is unnecessary to examine the case, with a view to first principles. In this state, it has long been considered as established law, that a foreclosure and consequent possession, is in the nature of satisfaction of a debt secured by mortgage. It is deemed an appropriation of the thing pledged, in payment of the demand, for which it was security. This ancient and general understanding, has been recognized and confirmed by repeated decisions. *Coit* v. *Fitch, Kirby,* 255. *M'Ewen* v. *Welles,* 1 *Root,* 202. 2 *Swift's Syst.* 440. On this foundation estates

*New-Haven,*
June,
1819.

The Derby
Bank
*v.*
Landon.

New-Haven,
June,
1819.

The Derby
Bank
v.
Landon.

have been purchased ; and much inconvenience would, prob-
ably, arise, from the adoption of new principles, at this time,
in subversion of titles founded on valuable considerations.
Waiving the expression of an opinion on the legal fitness of
the rule, in the absence of precedent, I am of opinion, that the
law is settled, and ought not to be disturbed.

The other Judges were of the same opinion.

New trial to be granted.