JOSEPH A. BERGIN *vs.* GEORGE O. ROBBINS ET AL.

Third Judicial District, Bridgeport, April Term, 1929.

WHEELER, C. J., MALTBIE, HAINES, HINMAN AND BANKS, Js.

Argued April 9th—decided June 13th, 1929.

*Daniel J. Danaher,* for the appellant (defendant Hoscar Frank).

*Vincent A. Scully,* for the appellee (plaintiff).

BANKS, J.   The plaintiff brought this action to foreclose a fourth mortgage which he had upon property owned by one Swirsky.  A receiver of the rents of the mortgaged premises was appointed by the court on July 18th, 1928, who collected a part of the rents for the month of July and all of the rents for the months of August, September, October and November. The receiver filed an account showing a balance, after the payment of certain expenditures for the upkeep of the premises, of $2169.36.  This fund was claimed by the plaintiff and also by Frank, a prior incumbrancer, and was awarded by the court to plaintiff, from which decree Frank appeals.

The plaintiff filed a plea in abatement in this court,

alleging that the appellant, Frank, was not a party to this action in the Superior Court and that he had never been made a party. From a stipulation of facts filed, and other facts found in the record, it appears that Frank, whose mortgage was an incumbrance upon the property prior to that of the plaintiff, was not a party defendant to the original complaint and has made no formal written motion to be made a party. His attorney did enter an appearance on his behalf in the Superior Court, and there made claim to this fund in the hands of the receiver. He was treated by the trial court and by the plaintiff's attorney, in the proceedings in the Superior Court, as a party defendant, and had the plaintiff raised the objection in that court undoubtedly proper steps would have been taken to make him a party of record. This should be done on the retrial. He filed a request for a finding upon which the court made a finding in which he is referred to as one of the defendants. It appears that he has an interest in the disposition of the fund here in dispute. It is rather late for the plaintiff for the first time in this court to contend that the appellant, Frank, is not a party defendant in this action. The plea in abatement is overruled.

Subsequent to the commencement of this action the appellant, Frank, brought an action to foreclose a second mortgage upon these premises and on October 12th, 1928, procured a judgment of strict foreclosure against the owner of the equity of redemption and all subsequent incumbrancers, including the plaintiff herein, under which title to the property vested in him on December 1st, 1928. The finding recites that the receiver has not paid, or reserved money to pay, any of the interest on the first mortgage, and that he has not paid any insurance premiums, water rates, or any part of the taxes due on this property during

the time that he had possession of it as receiver. The amount of these items which were due and payable during the term of the receivership is not found. One of the claims of the appellant appears to be that he is entitled to reimbursement out of this fund for payments which he claims to have made on account of these items of interest on the first mortgage, insurance premiums, water rates and taxes. This claim cannot receive consideration, since there is no finding that such payments were made by him. His claim to the fund as against the plaintiff must rest upon his position as a prior incumbrancer. Ordinarily it would make no practical pecuniary difference whether rents in the hands of the receiver were paid to a prior or to a subsequent incumbrancer provided the mortgage of the prior incumbrancer was amply secured. If paid to the prior incumbrancer they would reduce the amount of incumbrances upon the property and increase *pro tanto* the equity of the junior incumbrancer. If paid to the latter he would still be obliged to take care of all prior incumbrances. Here the appellant, Frank, has foreclosed his mortgage, which was prior to that of the plaintiff, in an action in which the latter was made a party with an opportunity to redeem but failed to do so. The plaintiff in this action might have moved for a foreclosure by sale in that action in which case he would have been entitled to have any sum remaining from the proceeds of the sale, after the satisfaction of incumbrances prior to his own, applied to the satisfaction of his mortgage. He failed to do this or to redeem, and the decree in that action, which was entered while this action was still pending, rendered its further prosecution ineffectual, and foreclosed this plaintiff's right to look to the property as security for the payment of his debt.

The court reached the conclusion that the appellant

was not entitled to the fund in the hands of the receiver because, having failed to procure a deficiency judgment, he is presumed to take the property foreclosed by him in full discharge of all sums due him under his note and mortgage. This conclusion involved an erroneous conception of the legal effect of the decree granting a strict foreclosure of a mortgage.

Prior to 1833 the foreclosure of a mortgage operated as a bar to any subsequent action upon the mortgage debt. Since that time the right of a mortgagee to a deficiency judgment has been recognized if the property acquired on foreclosure fails to satisfy the mortgage debt, and the foreclosure is not a bar to further action upon the debt, provided the person or persons who are liable for the payment of it are made parties to the foreclosure. General Statutes, §§ 5196, 5197. But the procedure provided in § 5197 for procuring a deficiency judgment does not furnish an exclusive remedy. Where the person or persons liable upon the mortgage debt are made parties to the foreclosure action the mortgagee may bring a separate action against them to recover the unpaid balance of the debt although he has not asked for a deficiency judgment in his foreclosure action. *Acampora* v. *Warner*, 91 Conn. 586, 101 Atl. 332; *German* v. *Gallo*, 100 Conn. 708, 124 Atl. 837. In the foreclosure of the Frank mortgage the maker of the note was made a party to the action, and the foreclosure decree was not therefore a bar to any further action upon the mortgage debt, and the failure of the plaintiff in that action to procure a deficiency judgment did not operate as a discharge of the sums due him upon his note and mortgage. If that debt was not discharged he was entitled to the fund in the hands of the receiver as against the plaintiff whose mortgage was subsequent to his.

The mortgagee is of course entitled to no more than satisfaction of his debt. If that has been paid in full, either in cash or by the appropriation of the property to its payment, there is nothing further due him. The trial court has found that title to the property vested in Frank, under the foreclosure decree in his favor, on December 1st, 1928. That fact alone did not constitute an appropriation of the property to the payment of the debt. A foreclosure decree, aside from such provision as may be made in it to put the mortgagee in possession of the property, merely cuts off the outstanding rights of redemption, and the statement in the certificate of foreclosure that title has become absolute in the plaintiff adds nothing to its legal effect. *Cion* v. *Schupack,* 102 Conn. 644, 649, 129 Atl. 854. If, however, the plaintiff in the foreclosure action actually takes possession of the property by virtue of his foreclosure decree and the property is of greater value than the amount of the debt, that act constitutes an appropriation of the property to the payment of the debt in full and the debt is discharged in the same way as it would be if paid in money. *Loomis* v. *Knox,* 60 Conn. 343, 351, 22 Atl. 771. In *Cion* v. *Schupack, supra,* title had vested in the plaintiff under his decree of foreclosure, but he had never taken possession of the property because a receiver appointed in a suit to foreclose a subsequent mortgage upon the premises had been in charge of them. It appears from the finding in the present case that the receivership ceased on the last day of November, 1928, the day before that on which the title became vested in the appellant. It might be inferred that the appellant thereupon took possession of the premises, but there is no finding that he did so, and in the absence of such a finding we cannot assume that he did. Nor does it appear that the

property was of greater value than the debt of the appellant. If it was not, his act in taking possession would not discharge his debt. The fund here in dispute, except for a small interest item, came from the rents from this property during the period covered by the receivership. It has been held in some jurisdictions that a junior mortgagee, who brings a foreclosure suit and secures the appointment of a receiver of the rents, acquires a lien upon them superior to that of the claims of prior mortgagees who were not made parties to such foreclosure action. Under these decisions if the prior mortgagee sees fit to assert his rights he may have the receivership extended to his mortgage and then has a prior right to the rents thereafter accruing. Under our practice a receiver is an officer of the court appointed on behalf of all who may establish an interest in the property. The funds which come into his hands are disbursed by him under the orders of the court to those who may establish their right to them in the order of the priority of their respective claims, and it is not of importance upon whose application the appointment of the receiver is made. The court should have ordered the receiver to pay the interest upon the first mortgage, insurance premiums, water rents and taxes which accrued during the time that he was in possession as receiver. So far as appears the only claimants to the balance in the hands of the receiver were the plaintiff, who was the fourth mortgagee, and the appellant, Frank, a second mortgagee who had entered his appearance as a party to the action and made claim to the fund as the holder of an incumbrance prior to that of the plaintiff. As such prior incumbrancer he was entitled to the fund in preference to the plaintiff unless, as we have said, it should appear that the property was of greater value than his debt and that his claim had already been

discharged by his taking possession of the property and thereby appropriating it to the payment of his debt.

There is error and the cause is remanded to be proceeded with according to law.

In this opinion the other judges concurred.