JOSEPH DESIDERIO *vs.* THERESA IADONISI ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued October 4th—decided December 13th, 1932.

*George E. Gordon,* with whom, on the brief, was *David S. Korn,* for the appellant (plaintiff).

*Morris Rabinowitz,* with whom, on the brief, was *Anthony P. Adinolfi,* for the appellee (defendant D'Avanzo).

MALTBIE, C. J. The plaintiff brought an action to foreclose a first mortgage upon certain premises. A receiver of rents was appointed. The action went to judgment and, none of the defendants redeeming, title vested in the plaintiff. While the receiver was in possession, taxes on the property accrued to the amount of $250. The receiver collected rents to such an

amount that, after allowing him his disbursements and compensation, there was a balance left in his hands of $519.20. The trial court has found that the value of the property was in excess of the plaintiff's judgment debt plus his costs and the taxes referred to. The receiver moved the court for permission to pay the taxes and the court denied the motion and ordered the receiver to pay the balance in his hands to the holder of a second mortgage on the property. From this order the plaintiff has appealed.

In this State a mortgagor is regarded as owner of the land; *Toby* v. *Reed,* 9 Conn. 216, 224; *McKelvey* v. *Creevey,* 72 Conn. 464, 467, 45 Atl. 4; and if he continues in possession he is entitled to the rents and profits derived from the land without any liability to account to the mortgagee for them. *Rockwell* v. *Bradley,* 2 Conn. 1, 15; *Cooper* v. *Davis,* 15 Conn. 556, 560; *Harrison* v. *Wyse,* 24 Conn. 1, 7. While the mortgagee holds the legal title to the land he is regarded in equity as doing so only for the purpose of securing the payment of the debt. *Lacon* v. *Davenport,* 16 Conn. 331, 341; *Norwich* v. *Hubbard,* 22 Conn. 588; *Savage* v. *Dooley,* 28 Conn. 411, 413; *Clinton* v. *Westbrook,* 38 Conn. 9, 13; *Toby* v. *Reed,* and *McKelvey* v. *Creevey, supra.* He is ordinarily entitled to possession of the land if he cares to assert that right; *Chamberlain* v. *Thompson,* 10 Conn. 243, 251; *Clark* v. *Beach,* 6 Conn. 142, 151; *McKelvey* v. *Creevey, supra;* but if he does take possession, he must apply upon his debt the rents and profits received by him and is accountable to the mortgagor for them. *Lacon* v. *Davenport, supra; Kellogg* v. *Rockwell,* 19 Conn. 446, 458; *Chamberlain* v. *Connecticut Central R. Co.,* 54 Conn. 472, 485, 9 Atl. 244. He is entitled to have the security for the debt preserved against loss or diminution in value by reason of obligations owed by the mortgagor upon prior in-

cumbrances or for taxes and the like; and if he discharges such obligations himself, he may tack them to the mortgage debt. General Statutes, § 5081; *Beach* v. *Isacs,* 105 Conn. 169, 177, 134 Atl. 787. When, however, the debt has been paid, the lien of the mortgage is extinguished. *Derby Bank* v. *Landon,* 3 Conn. 62; *Swift* v. *Edson,* 5 Conn. 531, 535; *Peck* v. *Lee,* 110 Conn. 374, 378, 148 Atl. 133; *Palmer* v. *Uhl,* 112 Conn. 125, 128, 151 Atl. 355; *North End Bank & Trust Co.* v. *Mandell,* 113 Conn. 241, 245, 155 Atl. 80. The debt is paid when the mortgagee has appropriated to it the property mortgaged and the value of that property exceeds the mortgage debt. *Bergin* v. *Robbins,* 109 Conn. 329, 334, 146 Atl. 724; *Cion* v. *Schupack,* 102 Conn. 644, 649, 129 Atl. 854; *Acampora* v. *Warner,* 91 Conn. 586, 101 Atl. 332.

When a receiver is appointed in a foreclosure action to take charge of the property, he holds it as an arm of the court and his possession is not that of the mortgagee. *Bergin* v. *Robbins, supra,* 335. Hence the mortgagee has no claim upon the income and profit in his hands as such; except as necessary for the protection of his rights, they still belong to the mortgagor or such person as may have succeeded to his interest in them. As, however, they are in possession of a court of equity, that court has the power by its orders to make such application of them as justice and equity require and it may order their disposition in such a way as to aid in discharging the obligations of the mortgagor to the mortgagee. *Ottman* v. *Tilbury,* 204 Wis. 56, 234 N. W. 325; *Cone-Otwell-Wilson Corporation* v. *Commodore's Point Terminal Co.,* 94 Fla. 448, 114 So. 232. Primarily, the duty to discharge taxes upon the property rests upon the mortgagor or the owner of the equity and he owes to the mortgagee the duty to prevent any lessening of the value of the

security which might endanger the payment of the mortgage debt by reason of their enforcement. *Connecticut Mutual Life Ins. Co.* v. *Bulte,* 45 Mich. 113, 122, 7 N. W. 707; *Schaffer* v. *Hurd,* 98 N. J. Eq. 143, 148, 130 Atl. 228; *Schreiber* v. *Carey,* 48 Wis. 208, 4 N. W. 124. It follows that it lies in the power of the court, in a proper case, to direct the receiver to use income and profits in his hands to discharge taxes due upon the property, whether those taxes accrued before or after his appointment.

The primary right of the mortgagee is, however, in equity restricted to securing payment of his mortgage debt, and his right to have the value of the security preserved until the foreclosure has become absolute or the property is sold, is incidental to that end. If payment of taxes is necessary to preserve the security or any part of it from being taken to satisfy them, the court may order their payment by the receiver; but if payment of the debt secured is not jeopardized by the existence of taxes chargeable against the property, the mere fact that they accrued during the time the receiver is in possession may well be an insufficient basis to decree their payment by him. If, for instance, the value of the mortgage security is clearly in excess of the mortgage debt even with the addition of the amount of accrued taxes and it seems unlikely that the owner of the equity will be able to redeem, equitable considerations may dictate that the taxes be left as a lien upon the property, so that, in case of a strict foreclosure, the mortgagee will take the property subject to that lien; or, in the event that there is danger of the appropriation of the security or any part of it to their payment, that the mortgagee, if financially in a position to pay them, be left to discharge them and to add the amount paid to the mortgage debt; in this way the mortgagee will still receive full payment of

his debt, and the owner of the equity or the person representing him, will be left any balance of income or profits in the hands of the receiver. Unless payment of taxes becomes necessary while the receiver is in possession in order to preserve the security of the mortgage, the better practice is to await the outcome of the foreclosure proceedings before making any order as to their payment out of the fund in his hands, because then the true equities of the situation will usually be more definite and certain. If, when that time comes, it appears that the mortgagee has appropriated the property to the payment of his debt by strict foreclosure and the value of the property, taken subject to the lien of the taxes, exceeds the debt secured, as it did in this case, the mortgagee has no right to anything more. *Mortgage & Contract Co.* v. *First Mortgage Bond Co.,* 256 Mich. 451, 240 N. W. 39. In such a case the receiver should not be directed to pay the taxes, but the balance in his hands should be paid to the owner of the equity or the person succeeding to his interest in the income and profits, who may be, as here, a second mortgagee. See *Harrison* v. *Wyse,* 24 Conn. 1, 7. That was the position taken by the trial court in this case and it was correct.

In *Bergin* v. *Robbins,* 109 Conn. 329, 146 Atl. 724, we expressly pointed out, at page 335, that it did not appear that the property foreclosed in that case was of greater value than the mortgage debt and that the mortgagee's claim had already been discharged by his taking possession of the property and thereby appropriating it to the payment of his debt; that does appear here, and this sufficiently distinguishes the two cases.

There is no error.

In this opinion the other judges concurred.