## THE CITY LUMBER COMPANY OF BRIDGEPORT, INC. *vs.* JAMES MURPHY ET ALS.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 6th—decided May 7th, 1935.

*Ogden T. Marsh,* for the appellant (defendant).

*Herbert L. Cohen,* for the appellee (plaintiff).

HINMAN, J. The named plaintiff, by complaint dated January 25th, 1934, and two other mechanics' lienors made defendants, by cross-complaint, claimed foreclosure of their liens on premises in Bridgeport, a receiver of rents, and deficiency judgments. A receiver was appointed February 23d, 1934, and collected the rents until the passage of the last day for redemption, November 11th, 1934. The judgment, which was entered June 29th, 1934, contained a provision that the defendants owner and lessee deliver to the plaintiffs (by which title the original plaintiff and defendants filing cross-complaints are hereinafter referred to) or to the redeeming incumbrancer, possession of the premises and that upon failure to redeem, title shall be in the plaintiffs in proportion to the amounts found due them respectively. The debts to the plaintiffs are adjudged to amount to a total of $2739.92. The incumbrances prior to their liens are found to amount to $9876.64, and the value of the property to be $15,500, on the date of the judgment. The appellant Investors' Mortgage and Guaranty Company holds a mortgage subsequent in priority to plaintiffs' liens. The receiver had in his hands $614.69 from rents collected, during his receivership, from a tenant, lessee of defendant Johnston, owner of the equity, and on his motion for advice the court (*Shaw, J.*) ordered that the fund be distributed to the plaintiffs. This order, only, is appealed from.

It appears from the finding that on November 19th, 1934, the City Savings Bank and the Bridgeport Savings Bank, first mortgagees, obtained a judgment of foreclosure in which the plaintiffs herein, made parties defendant in that case, were given March 11th, 1935, as law day to redeem. The plaintiffs have not taken possession of the premises or in any way exercised dominion over them and the possession of Johnston

and his lessee has not been interrupted so far as the plaintiffs are concerned.

The appellant asserts that the plaintiffs have no claim upon the rents collected by the receiver accruing prior to the vesting of title and right to possession in them under the foreclosure decree, on the ground that title and right to possession are essential prerequisites to such a claim. In this State the legal title to mortgaged real estate, as between mortgagor and mortgagee, is in the mortgagee, and in the absence of an agreement or other circumstances debarring him from so doing he is entitled to possession. If the mortgagor remains in possession he is entitled to the rents and profits without any obligation to account to the mortgagee for them. *Savage* v. *Dooley,* 28 Conn. 411, 413; *Desiderio* v. *Iadonisi,* 115 Conn. 652, 654, 163 Atl. 254. A decree of foreclosure of a mortgage upon its becoming absolute by failure to redeem, aside from such provision as may be made in it to put the mortgagee into possession of the property, merely cuts off the right of the mortgagor and others to redeem. *Cion* v. *Schupack,* 102 Conn. 644, 648, 129 Atl. 854. A mechanics' lienor by perfecting his lien acquires no present title and no right of possession and obtains them only through and upon the becoming absolute of a decree of foreclosure of the lien. In all essential respects the attributes of foreclosure of mortgages apply to mechanics' liens. General Statutes, § 5105. Under our practice a receiver of rents is an officer of the court who, irrespective of at whose instance he was appointed, acts on behalf of all who may establish an interest in the property and the funds which come into his hands are disbursed, under orders of the court, to those who may establish their right to them, in the order of their respective claims. *Bergin* v. *Robbins,*

109 Conn. 329, 335, 146 Atl. 724; *Silver* v. *Kingston Realty Corporation*, 114 Conn. 349, 158 Atl. 889.

Possession of the premises here involved continued in Johnston, as owner, and his lessee up to the law days fixed by the plaintiffs' foreclosure decree. Primarily, therefore, the rents belonged to Johnston and but for the intervention of the receiver would have been collected by him. Therefore the fact that the plaintiffs had no title to the property until their judgment became operative, through failure of the owner and subsequent incumbrancers to redeem, would not, of itself, disentitle them to be awarded the proceeds of these rents toward payment of unsatisfied debts of Johnston to them if they established the necessary priority over other claimants. The rents being in the possession of the court, through the receiver, "that court has the power by its orders to make such application of them as justice and equity may require and it may order their disposition in such a way as to aid in discharging the obligations" of the liens. *Desiderio* v. *Iadonisi*, supra, p. 655. Unless the debts to the plaintiffs are extinguished by and through appropriation by them of the foreclosed property, their claims remain unpaid, are prior in order of preference to the claim of the appellant, and distribution of the funds in the receiver's hands ratably among the three plaintiffs would be proper.

The appellant claims further, however, that even if this be so, the obtaining by the plaintiffs of the judgment of foreclosure constituted an appropriation of the property, without the taking of physical possession or steps to enforce their right thereto.

Prior to 1833 the foreclosure of a mortgage operated to bar any subsequent recovery upon the mortgage debt, but since then, by successive statutes, a mortgagee has been accorded a right to recover the defi-

ciency when the value of the property acquired on foreclosure and appropriated to payment of the debt proves insufficient to satisfy it in full; provided, since 1878, the persons liable for the deficiency are made parties to the foreclosure suit. *Wilcox* v. *Bliss,* 116 Conn. 329, 331, 164 Atl. 659. "The debt is paid [only] when the mortgagee has appropriated to it the property mortgaged and the value of that property exceeds the mortgage debt." *Desiderio* v. *Iadonisi,* supra, p. 655. In *Derby Bank* v. *Landon* (1819) 3 Conn. 62, it was stated that "In this State it has long been considered as established law that a foreclosure and consequent possession is in the nature of satisfaction of a debt secured by mortgage. It is deemed an appropriation of the thing pledged in payment of the demand for which it was security." In the opinion in *Swift* v. *Edson* (1825) 5 Conn. 531, CHIEF JUSTICE HOSMER, who had written the opinion in *Derby Bank* v. *Landon,* observed (p. 535) that the earlier case, "as the plaintiff had taken possession, demanded no further extension of the principle; but no doubt existed in my mind, nor, as I presume, in the minds of any of the Court, that the appropriation resulted from the decree, and not from any act *in pais.* . . . In short, the decree of foreclosure obtained, deliberately and voluntarily, by the mortgagee, is, from its nature, the highest evidence of an appropriation of the pledge; and to its force nothing is added, by the comparatively feeble act of taking possession."

In *Loomis* v. *Knox* (1891) 60 Conn. 343, 22 Atl. 771, where the holder of a judgment lien on real estate had foreclosed, it was held (p. 351) that the taking of possession, under the foreclosure, of land of greater value than the amount of the debt constituted payment of it. In that case, however, as in *Derby Bank* v. *Landon,* the plaintiff had taken possession, and the

same was true in *Desiderio* v. *Iodanisi,* supra. In *Brooks* v. *Benham* (1897) 70 Conn. 92, 38 Atl. 908, although the case did not involve a judicial foreclosure but concerned the effect of a conveyance of the equity of redemption in part of the security, it was recognized (p. 98) that under the common law of this State "when a strict foreclosure became absolute, this appropriation of the land extinguished the obligation of the mortgagor" and that a similar result may follow under the statutes unless a deficiency judgment is sought and the persons liable for the payment of the debt are made parties; citing *Ansonia Bank's Appeal,* 58 Conn. 257, 18 Atl. 1030.

In *Cion* v. *Schupack* (1925) 102 Conn. 644, 129 Atl. 854, the plaintiff had obtained judgment of foreclosure of a third mortgage and upon its becoming absolute filed a certificate based thereon but did not take possession of the premises, they being in charge of a receiver appointed in a suit to foreclose the second mortgage, which action and one to foreclose the first mortgage were pending when the plaintiff brought suit against the administrators of the estate of Schupack, on his indorsement, for the amount due on the note. It was said (p. 649): "The decree obtained by the plaintiff gave him a right of entry, but actual possession could be secured only by a provision in the nature of an execution of ejectment inserted in the decree, or by supplementary proceedings. . . . The statement in the certificate of foreclosure that title had become absolute in the plaintiff added nothing to the legal effect of the foreclosure decree. It is the appropriation of the mortgaged property to the payment of the debt, not the confirmation of absolute title in the mortgagee by legal process, which is regarded as satisfying it. . . . Never having taken any steps to appropriate the property, the plaintiff's right to pursue the present

action is unimpaired by anything he did in connection with the foreclosure proceeding." *Bergin* v. *Robbins* (1929) supra, was an action for foreclosure of a fourth mortgage, in which a receiver of rents was appointed. Subsequent to its commencement a second mortgagee, Frank, brought an action to foreclose his mortgage and procured a judgment of strict foreclosure under which, the owner of the equity and the subsequent incumbrancers having failed to redeem, title vested in him. The fund in the hands of the receiver of rents was claimed by the plaintiff Bergin and by Frank and was awarded to the former, the trial court holding that Frank, having failed to procure a deficiency judgment, was to be presumed to have taken the property foreclosed in full discharge of the debt to him. On appeal, this court (p. 333) held, following *Cion* v. *Schupack*, supra, in effect, that to constitute an appropriation of the property the plaintiff must actually have taken possession by virtue of his foreclosure decree, and ruled that, therefore, Frank, as prior incumbrancer, was entitled to the fund in preference to the plaintiff unless his claim had already been discharged by his taking possession of the property and thereby appropriating it to payment of the debt.

Certain equitable and practical considerations argue for a requirement, imposed in the two cases last mentioned, of a taking of possession as an essential of appropriation. Consummation of the purposes of a judgment of strict foreclosure by the extinguishment of subsequent interests by a cutting off of outstanding rights to redeem can occur only at a future and, in many instances, a considerably distant date. *People's Holding Co.* v. *Bray*, 118 Conn. 568, 571, 173 Atl. 233. In *Cion* v. *Schupack* the finding discloses that before the law day provided in the plaintiff's judgment, actions to foreclose prior mortgages, exceeding in amount

the value of the mortgaged property, had been brought and were pending, and in *Bergin* v. *Robbins,* also in *Acampora* v. *Warner,* 91 Conn. 586, 101 Atl. 332, although the present point was not there involved, before the law days under his foreclosure judgment the plaintiff had been foreclosed by holders of prior mortgages. In the present case the complaint is dated January 25th, 1934, the judgment June 29th, and the last law day was November 10th. The date on which the first mortgagees commenced foreclosure proceedings does not appear of record, but they obtained judgment on November 19th, 1934, and the law day fixed therein for the present plaintiffs was March 11th, 1935. Under that judgment the present plaintiffs, in order to redeem, were under the necessity of raising and paying about $7000 and, after that, the property would remain subject to taxes approximating $1600 and another prior mortgage of about the same amount. If, as is not improbable, it proved impracticable for the plaintiffs to obtain the funds necessary to redeem and to prevent foreclosure of tax liens and the remaining prior mortgage, or if circumstances so reduced the value of the property between the date of the plaintiffs' judgment and the law days that the equity became insufficient to cover the plaintiffs' claim, appropriation of the property would not advantage them. The fact that they have refrained from taking possession and, apparently, instead, have sought to resort to the fund in question, amounting to only a small fraction of their total claims, would seem to indicate that one or both of the suggested situations, or others of like purport, exist and dictate the choice of this alternative which on its face appears to be less advantageous.

There is, however, an obstacle, which we have found insurmountable, to a doctrine that, to constitute ap-

propriation, actual taking of possession is required. Where a foreclosure decree has become absolute by the passing of the law days, the outstanding rights of redemption have been cut off and the title has become unconditional in the plaintiff, with a consequent and accompanying right to possession. "The qualified title which the plaintiff had previously held under his mortgage had become an absolute one." *Ferguson* v. *Sabo,* 115 Conn. 619, 622, 162 Atl. 844. The property is subject to being taken by his creditors, not by those of the mortgagor. It is taxable in his name, not that of the mortgagor. He can freely convey it unless there is an ouster within § 5020 of the General Statutes. *Palmer* v. *Uhl,* 112 Conn. 125, 127, 151 Atl. 355. The mortgagor has no remaining title or interest which he can convey. All right and interest of subsequent incumbrancers has been extinguished. The plaintiff has been vested with absolute title in and dominion over the property. "The entry to foreclose does little or nothing to change the relative rights of the parties. . . . But the foreclosure itself effects an entire change. The lien is converted into an estate; the pledge is changed into an irredeemable and indefeasible interest; the debt is paid and extinguished by an absolute transfer of the estate; in full, if the estate is of sufficient value, or pro tanto, if the value be insufficient. It is the foreclosure and not the entry to foreclose, which effects this transmutation and substantially changes the mortgage from the personal to the real property of the mortgagee." *Fay* v. *Cheney,* 31 Mass. (14 Pick.) 399, 403. Notwithstanding the differences between our mortgage and foreclosure laws and those of Massachusetts, the above observations of Shaw, C. J., are apt as to the effect of foreclosure. The creation of this situation at the instance of a foreclosing plaintiff, through the operation of his

judgment, voluntarily and deliberately obtained and pursued to a culmination producing this result, constitutes the essence of appropriation, rather than, as CHIEF JUSTICE HOSMER pungently put it, "the comparatively feeble act of taking possession" in the actual and physical sense. *Swift* v. *Edson,* supra. *Cion* v. *Schupack* and *Bergin* v. *Robbins* are overruled to the extent that they are inconsistent with this conclusion.

The adverse considerations which we have noted may be measurably met or ameliorated in another way. Appropriation does not occur upon the entry of the judgment of strict foreclosure but upon the extinguishment of subsequent rights by the expiration of the law days without redemption. *People's Holding Co.* v. *Bray,* 118 Conn. 568, 571, 173 Atl. 233. Foreclosure is effected and appropriation occurs only when the equity of redemption is cut off. *Ansonia Bank's Appeal,* 58 Conn. 257, 262, 18 Atl. 1030. Up to that time the plaintiff, under § 5084 of the General Statutes and subject to the limitations therein, may move that the judgment be opened and modified, if developments are such as to render appropriation, on and after the law days fixed therein, prejudicial or undesirable. Upon a showing of sufficient cause the court, in its discretion, could and doubtless would afford appropriate relief. *Bridgeport-City Trust Co.* v. *Hirsch,* 119 Conn. 586, 178 Atl. 423.

The trial court was in error in concluding that the foreclosing lienors—the plaintiffs—have not appropriated the property.

Assuming, as we must, on the finding and for present purposes, the value of the equity in the property appropriated by the plaintiffs to be sufficient to satisfy the debts to them, they would obtain, in the fund

created by the rents, an additional payment to which they are not entitled.

There is error, the order appealed from is set aside, and the case is remanded to the Court of Common Pleas for further proceedings in accordance with this opinion.

In this opinion the other judges concurred.