### HARRY M. LEVENTHAL
vs.
### ELISA MARTUCCI

| Superior Court | Fairfield County | File #44522 |

Present: Hon. JOHN A. CORNELL, Judge.

David R. Lessler,                    Attorney for the Plaintiff.

Irving Elson,                        Attorney for the Defendant.

## MEMORANDUM FILED JUNE 18, 1935.

CORNELL, J. The judgment which the motion asks be reopened, is one of foreclosure.

In it, the day of redemption for the owner of the equity,—who was the sole defendant—was fixed as the first Tuesday of April, 1935.

The cause was returned to the first Tuesday of May, 1934 and on the 14th day of June, 1934, an order was entered for the appointment of a receiver of rents. The latter qualified on June 28, 1934.

The net sum remaining in the hands of the receiver subject to distribution was $681.95. There was a mortgage prior to plaintiff's on the property, held by The Bridgeport-People's Savings Bank in the principal sum of $6000. upon which as of March 29, 1934 there was unpaid interest of $180. The City of Bridgeport held liens against the premises prior to both mortgages, as of that date, in sums aggregating $335.49.

The amount of the judgment is $1852.00. The defendant, owner of the equity, failed to redeem and on May 3rd, 1935, and upon a showing that the value of the mortgaged premises exceeded the amount of the first mortgage plus accrued interest thereon and tax liens, the court ordered the moneys in the hands of the receiver to be paid over to the plaintiff. A return filed by the receiver on May 9th shows that this was done.

On May 8th, 1935, according to the present motion, the first mortgage commenced action to foreclose.

Plaintiff, here, avers in his motion that he "never appropriated said premises to the payment of the debt" found due to him, and "further the plaintiff does not intend to appro-

priate said premises . . . . to the payment" of such debt, and that as a result of said action by the first mortgagee, he "will be unable to satisfy the debt due from the defendant by any future appropriation of said property".

As a reason for the relief sought in this motion, plaintiff points to a finding contained in the order appointing the receiver of rents that the "allegations in said application are true", among which allegations is one to the effect that "defendant has practically no equity in the premises which are worth less than the total amount due on plaintiff's mortgage plus the amount of the encumbrances . . . ."

Predicated on the situation thus depicted, plaintiff asks that the judgment of foreclosure be opened "to conform to the facts as found by the court and shown on file in order to preserve the actual status of the parties in relation to the property . . . and to preserve the status quo of the parties as of the date of the foreclosure and prior to the entry of judgment thereof," . . . "in accordance with the statutes in such cases made and provided".

Ignoring the contradiction in terms in the prayer quoted, it is evident that plaintiff's real purpose is to have the judgment opened so that he can claim a deficiency judgment which latter relief he demanded in his complaint but did not pursue—or at least so that the effect of an appropriation of the mortgaged property to or toward the extinguishment of the debt may be avoided.

The recent opinion in **The City Lumber Company of Bridgeport, Inc. vs. Murphy, Trustee, et al, 120 Conn.**—is decisive of the instant plaintiff's claims in this respect.

This overrules **Derby Bank vs. Landon, 3 Conn. 62; Cione vs. Schupack, 102 Conn. 644 and Bergin vs. Robbins, 109 Conn. 329,** to the extent that they are inconsistent with the rule laid down therein and concludes:

> "It is the foreclosure and not the entry to foreclose which effects this transmutation and substantially changes the mortgage from the personal to the real property of the mortgagee . . . ."

and that,

> "The creation of this situation at the instance of a foreclosing plaintiff, through the operation of his judg-

ment, voluntarily and deliberately obtained and pursued to a culmination producing this result, constitutes the essence of appropriation rather than, as Chief Justice Hosmer pungently put it, 'the comparatively feeble act of taking possession in the actual physical sense'."

Under this ruling it is quite immaterial whether the present plaintiff, upon the expiration of the period of redemption, made an actual entry on the foreclosed premises or not, or, in the alternative, performed other acts legally tantamount thereto. The passing of the "law day" without redemption upon the part of the owner of the equity or any encumbrancer subsequent to plaintiff and without any act upon the part of the plaintiff to relieve himself from the consequences of such event, constituted an appropriation of the mortgaged property.

Plaintiff's contention that the court may, nevertheless, at this time open the judgment under the provisions of **General Statutes, Rev. 1930, Sec. 5084,** is unsustainable.

That statute by its express terms limits the exercise of its remedial purposes to a day prior to that when "the title shall have become absolute in any encumbrancer."

While under certain circumstances, the effect of this pro-vision may be waived by a party to an action, the fact that it may be so waived in no manner detracts from the error of figuring its inhibition. **Ferguson vs. Sabo, 115 Conn. 619, 623.**

Indeed, the opinion in **The City Lumber Company, etc. vs. Murphy, Trustee, supra,** in suggesting recourse to the aid of the statute referred to in situations similar to that which plaintiff here describes, confines the exercise of such an effort to a period "up to that time" i.e., of the arrival of the day of redemption.

While the question is not before the court under this motion quaere, nevertheless, whether the fact that the fore-closed premises must be deemed to have been appropriated, but where the person or persons liable for the debt have been made parties to the foreclosure proceeding, the obligor may not still be pursued under the rule announced in **Bergin vs. Robbins, supra, p. 333.** In other words, does it neces-sarily follow that the appropriation of the property exting-uishes the debt, or may the value of the equity appropriated,

be applied pro tanto, and the debtor be compelled to pay the difference between that value and the total of the debt, although no deficiency judgment has been obtained?

For the reasons noted, supra, the motion is denied.