BRIDGEPORT PEOPLE'S SAVINGS BANK
*vs.*
ERWIN M. JENNINGS CO., INC., ET ALS.

Superior Court          Fairfield County          File No. 60258

MEMORANDUM FILED DECEMBER 10, 1941.

*Pullman & Comley,* of Bridgeport, for the Plaintiff.

*Greenstein & Simons,* and *Cullinan & Coles* of Bridgeport, for the Defendants.

DALY, J. In this action to foreclose a mortgage in the principal sum of $120,000, the defendant, The First National Bank and Trust Company, as receiver, claims a lien, prior to the lien of the plaintiff's mortgage, for its administration expenses, including its fees and those of its counsel, and in its corporate capacity claims a lien in the sum of $42,979.16, plus interest on the sum of $42,499.16 from August 1, 1941, prior to the lien of the plaintiff's mortgage for money loaned by it in its corporate capacity to it as receiver. The plaintiff claims that the lien of its mortgage is prior.

The plaintiff had not had an appearance entered in the receivership proceedings and had no notice of the receiver's applications for authority to borrow.

The applications of the receiver for authority to borrow and the orders authorizing the same did not state that liens prior to the liens of existing mortgages were to be had.

In *Bassett vs. Merchants Trust Co.*, 115 Conn. 530, at page 539, the following is stated: "Any application for permission to negotiate such a loan should be heard only after notice to all parties of record, including creditors claiming a preference, if any, and the order authorizing the loan should set up the conditions surrounding it, and determine the method of repayment and the priorities to be accorded it as against the respective funds in the hands of the court for administration, so as to preserve the statutory rights of all parties in interest."

In the application by the receiver for authority to borrow dated December 31, 1941, the following appears in paragraph 6: "Your Receiver believes that there is a substantial equity over and above the amount of the mortgage on each parcel of real property owned by the defendant corporation, and that each said parcel can ultimately be sold at a price which will make possible the repayment of all sums borrowed for the payment of taxes and mortgage interest thereon and which will leave an excess for the creditors of said corporation."

Other premises were disposed of by the receiver, and, at the time, the defendant, The First National Bank of Bridgeport, as receiver or in its corporate capacity, claimed no liens prior to encumbrances thereon.

The lien of the plaintiff's mortgage is prior to the liens asserted by the defendant, The First National Bank and Trust Company, in its corporate capacity and as receiver, in the cross complaint.

The amount due upon the plaintiff's mortgage with interest to date is $131,666.92. A judgment of strict foreclosure of the plaintiff's mortgage is rendered. The parties stated at the time of trial that it was agreed that February 2, 1942 and following days, if to be had by other parties, should be the time stated in the judgment for redemption. The judgment will so provide.

The plaintiff asks for the immediate possession and occupation of the premises. "Under the theory of mortgages which we have always followed in this State a mortgagee gets the legal title to the property and in the absence of an agreement or other circumstances debarring him from so doing, is entitled to possession. *Desiderio vs. Iadonisi,* 115 Conn. 652, 654, 163 Atl. 254." *Hartford Realization Co. vs. Travelers Ins. Co.,* 117 Conn. 218, 223.

The plaintiff is entitled to immediate possession, and it is ordered that it have immediate possession. If the defendant, through its counsel, cares to request a modification of the judgment on this question of immediate possession, I shall be pleased to hear counsel at a time to be arranged.