**In The Matter Of Edward J. SANSONE, Debtor.**

**Bankruptcy No. 2–90–02864.**

United States Bankruptcy Court, D. Connecticut.

April 8, 1991.

---

G. Eric Brunstad, Jr., and Susan C. Roman, Robinson & Cole, Hartford, Conn., for Fleet Bank of Conn.

Laura Gold Becker, Sorokin Sorokin Gross Hyde & Williams, P.C., Hartford, Conn., for objecting creditor BayBank of Conn., N.A.

Arnold C. Sholovitz, Simsbury, Conn., for debtor.

MEMORANDUM OF DECISION RE: OBJECTION TO REQUEST FOR APPROVAL OF STIPULATION DEALING WITH USE OF RENTS

ROBERT L. KRECHEVSKY, Chief Judge.

## I.

### ISSUE

The question presented is whether in Connecticut a mortgagee of realty holding a recorded mortgage and assignment of rents to secure the payment of the mortgage obligation has, through such recording, a fully perfected interest in the rents enforceable after the mortgagor files a bankruptcy petition. The mortgagee, prepetition, had not taken any action to enforce its claim to the rents following a default by the debtor-mortgagor. The parties have submitted the matter upon briefs and a stipulation of facts.

## II.

### BACKGROUND

#### A.

Edward J. Sansone, the debtor-in-possession (the debtor), filed a chapter 11 case on December 17, 1990. On that date, the debtor owned three rent-producing properties located in Simsbury, Connecticut on each of which Fleet Bank of Connecticut (Fleet) holds a recorded senior mortgage. For all properties, Fleet holds a recorded assignment of leases and rents to secure payment of the mortgage obligations.

On January 17, 1991, the debtor and Fleet entered into a stipulation for the use of the rents after which the debtor filed a motion to secure court approval. A creditor, BayBank of Connecticut, N.A. (BayBank), appeared at the noticed hearing on the motion and objected to approval of the stipulation. Fleet and BayBank agreed to submit their positions by way of a stipulation of facts and memoranda of law.

#### B.

BayBank's memorandum, in effect, alleges that Fleet had not sufficiently perfected its right to the rents to prevail against a subsequent encumbrancer and, accordingly, Fleet lacks any entitlement to the rents. BayBank contends that "merely recording the mortgage and assignment of rents on the land records is not enough" because prepetition Fleet had not undertaken some "affirmative act" to evidence an "actual or constructive possessory interest ... in the underlying real property." BayBank Memorandum at 4–5. Fleet responds that by receiving validly-executed mortgages and assignments of rents and recording them pursuant to Conn.Gen.Stat. § 47–10,[1] it held fully perfected interests in the rents on the date of the filing of the debtor's bankruptcy petition. The debtor filed a memorandum adopting Fleet's position.

---

1. Conn.Gen.Stat.Ann. § 47–10 (West 1986) provides:

   No conveyance shall be effectual to hold any land against any other person but the grantor and his heirs, unless recorded on the records of the town in which the land lies.

## III.

## DISCUSSION

All parties in their memoranda refer to a ruling of this court entered some ten years ago—*In re Coniam*, 9 B.R. 306 (Bankr.D. Conn.1981). *Coniam* purported to set forth Connecticut law on the status, after a mortgagor's bankruptcy, of a creditor holding a recorded mortgage and assignment of rents. The documents executed by the bankrupt in *Coniam* authorized the mortgagee to collect rents, upon default, without taking possession of the property. *Coniam* found that under Connecticut law a mortgagor in possession of the realty is entitled to the rents unless and until the mortgagee asserts its right to possession of the rents by taking an affirmative action to secure the rents from the mortgaged premises. *Coniam* concluded that if the holder of a defaulted mortgage had not taken any action prior to the filing of a bankruptcy case to secure the rents, an appropriate affirmative action would be the filing in the bankruptcy court of a request for the rents. A necessary, albeit unexpressed, underpinning for the *Coniam* ruling was that the mortgagee's action in the bankruptcy court was not an act of perfection of a right, but the appropriate method to enforce a property right already perfected through recording.

Connecticut treats an assignment of rents as a conveyance of an interest in land. Connecticut General Statutes § 49–10 provides in pertinent part:

> Whenever any debt or obligation secured by ... assignment of rent ... is assigned by an instrument in writing ... and that assignment has been executed, attested and acknowledged in the manner prescribed by law for ... deeds of land, the title held by virtue of the ... assignment of rent ... shall vest in the assignee.

Conn.Gen.Stat.Ann. § 49–10(a) (West Supp. 1990) *Cf. also,* Conn.Gen.Stat.Ann. § 42a–9–104(j) (West 1990) (excluding "an interest in or lien on real estate, including a lease or rents thereunder" from Article Nine of the Uniform Commercial Code).

■ Connecticut case law, fairly construed, supports the conclusion that a mortgagee's right to rents is perfected from the time that the mortgage is recorded. *Bergin v. Robbins*, 109 Conn. 329, 146 A. 724 (1929), held that a fourth mortgagee does not gain priority in rents ahead of prior mortgagees by being the first to have a receiver of rents appointed. The court stated:

> [I]n some jurisdictions ... a junior mortgagee, who brings a foreclosure suit and secures the appointment of a receiver of rents, acquires a lien on them superior to that of the claims of prior mortgagees who were not made parties to the foreclosure action.... Under our practice a receiver is an officer of the court appointed on behalf of all who may establish an interest in the property. The [rents] which come into his hands are disbursed by him ... to those who may establish their right to them in the order of the priority of their respective claims, and it is not of importance upon whose application the appointment of the receiver is made.... So far as appears the only claimants to the balance [of the rents] were the plaintiff, who was the fourth mortgagee, and the appellant, Frank, a second mortgagee who ... made claim to the [rents] as the holder of [a prior incumbrance]. As such prior incumbrancer he was entitled to the [rents] ... unless ... it should appear that the property was of greater value than his debt....

*Id.* at 335, 146 A. at 726–27. *See also, King v. Housatonic R.R. Co.*, 45 Conn. 226 (1877).[2]

---

**2.** At 45 Conn. 234 the court stated:

> Where the grant is by way of mortgage, the mortgagee, though entitled to the rents as incident to the reversion, may take them or not at his election. If he elects not to take them, as he generally does so long as his interest is paid, he may forbear to give notice to the tenant, and in that case the mortgagor is authorized to collect the rents and appropriate them to his own use. But if the mortgagee elects to take the rents and gives notice of his election to the tenant, he then becomes entitled to all the rents accruing after the execution of the mortgage and in arrear and unpaid at the time of the notice, as well as to those which accrue afterwards. But the rents

*Coniam* dealt with the issue of a mortgagee's right to rents under the provisions of the Bankruptcy Act of 1898. Since an entity's interest in property is determined by applicable state law, *see, Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979), the Bankruptcy Code of 1978 does not change the *Coniam* holding. *See,* Code § 552(b) (a security interest in rents created by a security agreement entered into prepetition extends to such rents acquired after the commencement of the case "to the extent permitted by such security agreement and by applicable non-bankruptcy law.").

■ I conclude that Fleet's right to rents was perfected upon the recording of the mortgage and the assignment of rents on the land records. Accordingly, the motion filed in the bankruptcy court to approve the stipulation between the debtor and Fleet constitutes a sufficient action for the enforcement of Fleet's perfected rights to the rents.

### IV.

### CONCLUSION

The objection of BayBank to the debtor's motion on the ground that Fleet did not hold a perfected interest in the rents as of the date of the bankruptcy petition is denied.

in arrear at the time the mortgage was executed belong to the mortgagor.