[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE APPLICATION FOR APPOINTMENT OF RECEIVER OF RENTS
This is an action to foreclose two mortgages. On May 4, 1992 plaintiff filed its application for appointment of a receiver of rents of a 60-unit apartment complex in East Hartford, Connecticut.
Facts
Defendant N.T.B. Associates (NTB) is the owner of a 60-unit apartment complex in East Hartford, Connecticut (the Complex).
On or about March 4, 1986, NTB borrowed $1,725,000 from plaintiff and on October 19, 1988 it borrowed $750,000 from plaintiff. Each was secured by a mortgage on the Complex. The loans were modified and restated as of June 5, 1991. Both loans are in default. The last payment was in January 1992. As of October 6, 1992 there is due on the first mortgage loan the sum of $1,811,435.88 plus a per diem of $550.19, and on the second mortgage, the sum of $994,143.26 plus a per diem of $221.67. The present fair market value of the property is $1,450,000. Thus, there is a potential deficiency of about $1,350,000.
As additional security for the first loan, NTB executed an assignment of leases dated March 4, 1986. As additional security for the second loan, NTB executed a further assignment of leases dated October 19, 1988. Both assignments of leases were modified by a document dated June 5, 1991. The mortgages also contained a right to assignment of leases on demand.
After the defaults, plaintiff tried to exercise the Assignments of Rents. This attempt was resisted by NTB and plaintiff filed this application.
NTB has filed special defenses claiming unclean hands, estoppel, duress, lack of consideration as to the second mortgage, and violations of the Connecticut Unfair Trade Practices Act (CUTPA). NTB has also asserted thirteen counterclaims alleging bad faith, breach of fiduciary duties, tortious interference, fraud, breach of contract, defamation, trespass, and violations of CUTPA. The court has found no facts to support any of the special defenses or the counterclaims.
Law CT Page 10037
The appointment of a receiver of rents in a foreclosure action, although equitable in nature, is controlled by Practice Book 504 through 510. Hartford Federal Savings Loan Ass'n v. Tucker, 196 Conn. 172, 175.
It is clear that a receiver is necessary in this action "to preserve the security" in these mortgages and is required in equity to secure payment of the debts. Desiderio v. Iadonisi, 115 Conn. 652, 655-657. (Also see Bergin v. Robbins, 109 Conn. 329).
The court appoints Grove Property Services of Hartford, Connecticut as receiver of rents.
N. O'Neill, J.