[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MARGARETTEN COMPANY INC.'S MOTIONFOR SUMMARY JUDGMENT
In this case the plaintiff claims that on February 23, 1994, she was walking on a sidewalk in front of premises located on Garden Street in Hartford. She claims to have fallen due to ice and snow that had gathered on the sidewalk and had not been removed.
The complaint is in two counts, the first count is against the defendant Shepard who on the date of the occurrence allegedly was in possession custody and control of the premises and owned the premises. The second count is against the defendant Margaretten and Company, Inc. In that count the plaintiff also alleges that on the date of the fall the defendant corporation owned, managed and/or was in possession custody and control of the Garden Street premises.
The basis of liability in both counts against each defendant rests on city ordinance Sec. 31-150 which adopted the provisions of Sec. 7-163a of the General Statutes. That statute imposes on owners or persons in control of land abutting on public sidewalks the same duty of care regarding ice and snow as the city had prior to the effective date of the ordinance.
The defendant corporation has filed a motion for summary judgment. The rules to be applied in deciding summary judgment motions are well-known. The evidence must be viewed in a light most favorable to the non-moving party and the court should not decide disputed issues of material fact, Telesco v. Telesco, 187 Conn. 715, 718 (1982), Catzv. Rubinstein, 201 Conn. 39, 49 (1986).
In its motion the defendant makes a series of factual claims. It says that prior to the pending case the defendant commenced a foreclosure of a note and mortgage executed by the defendant Shepard to the defendant corporation. Judgment of strict foreclosure was entered in CT Page 8628 this action on February 7, 1994 by the court which terms included the establishment of a law day for Shepard, the owner of the equity of redemption, of March 28, 1994 and subsequent banking days for the other defendants in inverse order of their priority.
All law days passed without any defendant exercising rights of redemption and title vested absolutely in the defendant corporation on March 30, 1994. A Certificate of Foreclosure evidencing this was recorded in the city land records on April 15, 1994.
The defendant further asserts in the rendition of the "facts" on which it asks the court to render summary judgment that the defendant corporation did not own, possess, or control the subject premises prior to title vesting in it absolutely and notes that the injuries occurred on February 23, 1994 prior to the date in March in which the defendant corporation became owner of the subject premises.
The defendant corporation asserts there is no genuine issue as to any of these "material" facts. As to much of the information concerning the foreclosure action the court, if it had been asked, could have taken judicial notice. As to the assertions that the defendant corporation exerted no possession or control over the premises — which is a different issue than that of ownership for the purposes of interpreting the statute — no affidavits or depositions have been presented for the purposes of this motion.
The plaintiff filed a memorandum in opposition to the motion for summary judgment. In the memorandum submitted by the plaintiff in opposition to the defendant corporation's motion for summary judgment the plaintiff concedes that a judgment of strict foreclosure was obtained on February 7, 1994 whose terms included the establishment of a law day of March 28, 1994 for Mr. Shepard, the owner of the equity of redemption.
The plaintiff seeks to satisfy for the requirements of Section 7-163a by making certain observations concerning "ownership" of the premises and "control" over this property. The plaintiff claims the defendant corporation CT Page 8629 had an "ownership interest . . . in that it held legal title to the property" and cites City Lumber Co. of BridgeportInc. v. Murphy, 120 Conn. 16, 19 (1935) for the proposition that legal title passed to the defendant corporation on February 7, 1994 when the judgment for strict foreclosure was entered.
On the control issue the plaintiff has presented no affidavits or other documents to indicate that the defendant was in actual possession or control of this property. However, she points to a paragraph of the mortgage agreement which indicates upon default by the mortgagor Shepard the defendant corporation had the right to assume possession. The plaintiff further notes the defendant corporation insured the property itself after it was abandoned by Shepard. Again no supporting material is offered to establish the property was so insured and to establish the abandonment the plaintiff offers the statement to the effect that the property was vacant for months prior to the injury contained in the answer of the defendant Shepard. Query whether vis a vis the defendant corporation the defendant Shepard is a party opponent so that any "admission" by Shepard can be used by plaintiff against the co-defendant corporation?
The problem presented here is that of interpreting the statutory language of § 7-163c against the background of traditional common law and statutory definitions of words used in the statute. Section 7-163a(c)(1) reads as follows:
 The owner or person in possession and control of land abutting a public sidewalk shall have the same duty of care with respect to the presence of ice or snow on such sidewalk toward abutting his property as the municipality had prior to the effective date of any ordinance adopted pursuant to the provisions of this section and shall be liable to persons injured in person or property where a breach of said duty is the proximate cause of said injury.
The statutory language is in the disjunctive; it says "owner or person in possession and control". . . . Since statutes should not be interpreted in derogation of the CT Page 8630 common law this statutory language can be read as recognizing the traditional view that: "As the possession or control of premises is the legal basis for liability a landlord out of possession is normally not liable to persons on the premises. The tenant who is in possession of the premises is ordinarily the property party defendant", Connecticut Law of Torts, Wright, Fitzgerald, Ankerman, Sec. 54, page 139, see Smith v. HousingAuthority, 144 Conn. 13, 16 (1956). Thus there are two categories of liable persons — owners or persons inpossession and control.
An owner could be an owner and in possession and control and the owner can be liable. An owner can be liable if no one else is in possession and control under a lease or under a status that would correspond to a lessee. On the other hand a tenant in possession and control as opposed to the owner landlord is liable except as to certain hidden defects, Shedga v. Hartford-ConnecticutTrust Co., 131 Conn. 186, 191 (1944).
Is the defendant corporation an owner for the purposes ofSec. 7-163a?
A case written with no reference to this statute did say the following:
 In this state the legal title to mortgaged real estate, as between mortgagor and mortgagee, is in the mortgagee and in the absence of an agreement to or other circumstances debarring him (sic) from so doing he (sic) is entitled to possession . . . . A decree of foreclosure of a mortgage upon its becoming absolute by failure to redeem, aside from such provision as may be made in it to put the mortgagee into possession of the property, merely cuts off the right of the mortgagor and others to redeem. City Lumber Co. of Bridgeport Inc. v. Murphy, 120 Conn. 16, 19
(1935).
Whatever the status of the title as between mortgagor and mortgagor it is clear that "absolute title" does not vest in the mortgagee until the mortgagor fails to redeem by the law day. Eventhal v. Mortucci, 2 Conn. Sup. 52, 55
CT Page 8631 (1935). Schmaling v. Greenwich Title Co., 14 Conn. Sup. 311,312 (1946), cf Sec. 49-16 of the General Statute that says a foreclosure certificate shall be filed on the land records when the "mortgage of real estate has been foreclosed and the time limited for redemption has passed, and the title to the mortgaged premises has become absolute in the mortgagee."
I do not see how a person or entity with the status of this corporation can be said to be an "owner" prior to the date of absolute title vests in them. The statute doesn't define an owner as a party who is the substantial equivalent of an owner or who has some ownership interest, it says "owner".
Was the defendant corporation in possession and control ofthe premises on the date of the injury?
There has been no information in the form of affidavits, depositions or documents submitted by the plaintiff to indicate that on the date of the injury the defendant corporation was in possession or control of this property.
There is an uncorroborated allegation that on some unspecified date presumably prior to the injury the defendant corporation procured insurance on the property but it is not clear to me what type of insurance and that without more could not establish control.
The plaintiff does refer again to the answer of the codefendant Shepard where he characterizes the property as "vacant". The plaintiff argues that under such circumstances the defendant corporation, who owns legal title, and knew the property was "abandoned" and knew no one would remove ice and snow should have a duty to protect the public. But even taking Shepard's answer at face value I am not so clear that the property was "abandoned" in the legal sense of that term. Shepard is a pro se defendant and although he said the premises were "vacant for months prior to the injury which is the subject of this litigation in the same paragraph of the "answer" he indicates that: "This property has always been shoveled and salted directly after snowfall when there was snow accumulation in front of the house." Apparently he is stating that he made sure the CT Page 8632 snow was removed and later in the paragraph said on one occasion when the snow wasn't removed he spoke to "workmen" about removing the snow. It is difficult to understand how the plaintiff can say this property was "abandoned" by Shepard for the purposes of snow removal on the basis of what has been presented to me. Furthermore it is unclear to me how the assertions of the co-defendant Shepard in his answer could be used against the defendant corporation. Vis a vis the defendant corporation Shepard is not a party opponent.
In light then of the particular facts of this case I am not faced with a problem that could be presented by my interpretation of the statute in the unique case of someone being injured for failure to remove ice or snow on a date lying between the date a judgment of foreclosure entered and the law date where in fact the mortgagor had abandoned the property but the mortgagee had not assumed possession and control. If my interpretation is correct then the injured person would not have an action against the mortgagee because the mortgagee is not the "owner" prior to the law day since title has not absolutely vested and the mortgagee is not in possession and control so no recovery can be allowed on that basis.
On the other hand the mortgagor could argue I'm certainly not the owner since as between me and the mortgagee title has passed and I only have a right to redeem before the law day. Also I have left the property and am not in possession or control. If the mortgagee wants possession or control before the law day he can take and am not in possession or control. If the mortgagee wants possession or control before the law day he can take steps to secure it.
Such a result, not presented by this case would lead to an intolerable situation. An injured person would be deprived of a remedy as a result of legislative machinations which took place without any regard for this particular problem. First I would say that even if all of this were true it still would not permit a cause of action against the mortgagee. Furthermore it could be argued that the mortgagor should not be allowed to escape liability since (1) he should still be regarded as the "owner" of the premises prior to the law day despite the status of the CT Page 8633 title between the mortgagee and mortgagor and/or (2) since there is a law day with the absolute right to redeem before that date, the mortgagor should be regarded as being in possession and control if the mortgagee hasn't assumed such possession and control. As a last possible alternative perhaps it could be said that the state legislature and municipality should not be permitted to in effect absolve the city from responsibility for an injured citizen when their statutory scheme deprives that person of his or her remedy completely gratuitously. The municipality perhaps should still be subject to suit.
In any event under the circumstances of this case which do not present this above mentioned issue the defendant corporation's motion for summary judgment is granted.
Corradino, J.