[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE' WHETHER COURT-APPOINTED RECEIVER ISAUTHORIZED TO COMMENCE AND MAINTAIN ACTION FOR SUMMARY PROCESS
The notice to quit in this summary process action was signed by Kevin J. Kopetz, who was appointed as the Receiver of Rents for the subject premises. This appointment was made by Judge Anthony DeMayo on November 10, 1994 while sitting on the foreclosure calendar in the matter of Union Trust Company v. Schiavone Realty andDevelopment Corp. et al. (No. CV-94-0357315S at New Haven J.D.). Pursuant to a Motion for Advice in said case, the Court (Barnett, J.) on October 2, 1995 issued the following order:
 Receiver is given authority to sue Schiavone et al or Connecticut Limousine for Rent and to bring summary process action. (Emphasis added.)
The receiver holds the property as an arm of the court, and not as the legal representative of any party in the foreclosure action. Desiderio v. Tadonis, 115 Conn. 652 (1932).
Defendant Connecticut Limousine Service, Inc. points out that General Statutes Section 47a-23 authorizes only the owner, lessor, his attorney-at-law, attorney-in-fact, or his legal representative to issue the prerequisite notice to quit for a summary process action. The defendant argues that since CT Page 14687 the receiver is not one of those persons, he caused the notice to quit to be issued without authority to do so, and, accordingly, the court has no jurisdiction to retain and entertain this case.
It is clear that the issuance of a valid notice to quit is a jurisdictional prerequisite to the commencement and maintenance of a summary process action. City ofBridgeport v. Barbour-Daniel Electronics, Inc.,
16 Conn. A;;. [App.] 574, 582-85 (1988). The language of Conn. Gen. Stat. § 47a-23, which empowers a person to initiate the process by causing a notice to quit to be issued, denominates only the categories of persons named by the defendant. It is clear that a court-appointed receiver of rents is not named in the statute as a person authorized to issue the notice.
This court finds that although a court-appointed receiver of rents is not specially authorized by Conn. Gen. Stat. § 47a-23 to issue the notice to quit, the issuance of the notice to quit by him does not deprive the court of jurisdiction to hear this case. Several reasons support this finding. Firstly, the court order of November 10, 1994 appointing the receiver conferred upon him the right to ". . . enter upon and take possession and control of the property . . ." (Emphasis added.) Furthermore, the order of October 2, 1995 authorized the receiver to ". . . sue . . . for rent and to bring summary process action" (emphasis added.) This court finds that these orders, issued in the foreclosure action, conferred upon the receiver standing to bring and maintain this summary process. Said standing is imbued with the necessary authority to cause the issuance of the notice to quit, and is consistent with the standing of the categories of persons statutorily authorized to issue notices to quit.
A prior decision upholding the authority of a receiver to maintain a summary process action was rendered in the case of Frank Smith Associates, Inc. v.Stanley V. Tucker, 6 Conn. Law Tribune No. 50, page 17. In Frank Smith Associates, Inc., supra, the court buttressed its decision in part upon the superior interest in possession which inured to the receiver. See also 75 C.J.S. Receivers § 124 at 764. CT Page 14688
For the foregoing reasons, the defendant's Motion to Dismiss is denied.
Clarance J. Jones, Judge