ALEXANDER T. BECKER, EXTR.
vs.
LOUIS DRAMIN, ET AL.

Superior Court          Hartford County          File #57436

MEMORANDUM FILED MARCH 15, 1938.

Benjamin Rabinovitz, of Hartford, for the Plaintiff.

Apter & Nahum, of Hartford, for the Defendants.

INGLIS, J.   This is an action to foreclose a mortgage given by the defendants to the plaintiff's decedent.   The cross complaint alleges that the plaintiff's decedent on March 9, 1935, agreed verbally with the defendants that in consideration of their providing her with a tenement in the mortgaged premises for the remainder of her natural life, which they did, she would cancel the note described in the complaint and the mortgage securing the same, and prays a decree cancelling the note and mortgage.   The plaintiff now demurs to the cross complaint on the ground that the verbal agreement set up therein "was in violation of the Statute of Frauds."

Under our law it is, of course, well established that a mortgage conveys to the mortgagee the legal title to the property mortgaged.   It conveys to him that title, however, only as security for the debt, and for most purposes the mortgagor is regarded as the sole owner of the land.   The mortgage debt is the principal thing and the security follows the debt.   The interest in land is transferred to the mortgagee only as security and, therefore, the mortgagee is treated as the owner of the land only for such purposes as are incidental to the enforcement of his security.   *McKelvey vs. Creevey*, 72 Conn. 464; *Pettus vs. Gault*, 81 id. 415; *Weed vs. Hoge*, 85 id. 490.

The essence of the cross complaint, therefore, is that the plaintiff's decedent for a valuable consideration agreed to cancel the indebtedness of the defendants to her.   If that con-

tract holds, the defendants do not need to care whether the plaintiff's decedent agreed to reconvey such interest in land as she took under the mortgage. If the debt is cancelled the security lapses as a matter of course. The security follows the debt and if the debt is cancelled there is nothing left to be secured, and, in equity, the security goes back to him who gave it.

It is therefore apparent that the verbal contract set up in the cross complaint was not an agreement for the conveyance of an interest in lands. It was rather an agreement to cancel a debt and not within the Statute of Frauds.

There is nothing in the case of *Second National Bank of New Haven vs. Dyer,* 121 Conn. 263, cited by the plaintiff, which militates against that conclusion. In that case it is held that one who has taken an assignment of a mortgage but has neglected to record it is estopped to hold that assignment as against a subsequent assignee of the same mortgage for value without notice of the former assignment. The decision recognizes the principle that the mortgage debt is the principal thing and that the security follows the debt, but holds simply that public policy requires that the protection of our recording system be given, on the theory of estoppel, to one who takes an assignment of a mortgage which mortgage appears on record to be standing in the name of the assignor. It holds that the recording statutes apply to assignments of mortgages, not that the Statute of Frauds applies. It goes no further than to hold that as one of the incidents to the ownership of the security which security is the title to land, it must be dealt with as a title to land, so far as recording transfers of it is concerned, if and only if the rights of innocent third parties are involved. It does not hold that as between the assignor and assignee the assignment of the mortgage is not good without recording. On the contrary, it recognizes that as between an assignor and assignee all that is necessary for a valid assignment of the whole mortgage is the transfer of the mortgage debt.

In jurisdictions other than Connecticut where the question has arisen as to whether a contract between a mortgagee and mortgagor to cancel a mortgage is within the Statute of Frauds, there would appear, superficially, to be a conflict of authority. There is in reality, however, no great conflict. The decisions on this subject are different in the different jurisdictions depending upon the theory of mortgages to which the various

jurisdictions are respectively committed. In those jurisdictions which regard the mortgage, that is, the conveyance of the title to real estate as the principal thing, the courts naturally hold that an agreement to cancel a mortgage is an agreement to convey an interest in lands. But where, as in this State, it is held that the debt is the principal thing and that the conveyance of the title to real estate is simply security for the debt, it is held that an agreement to cancel is not within the Statute of Frauds. *Stevens vs. Turlington,* 186 N. C. 191; 32 A.L.R. 870, Anno. p. 874; 2 Jones, Mortgages (8th ed.) §1256.

The defendants claim that the contract was taken out of the statute by their performance of it in that they did provide the tenement for the plaintiff's decedent during the remainder of her life. Neither part nor full performance of a contract relating to the sale of an interest in lands will take it out of the statute, however, unless it consists of acts which are clearly referable to some contract existing between the parties in relation to the subject matter in dispute. *Santoro vs. Mack,* 108 Conn. 683, 691.

The subject matter of the claimed contract here in dispute was the mortgage. The occupation by the plaintiff's decedent of a portion of the real estate which was mortgaged did not relate to the mortgage. It is no different than would have been the payment of a sum of money for the mortgage. If, therefore, the contract for cancellation of the mortgage had been within the statute, the claimed performance by the defendants was not such that it would have taken the case out of the statute.

The demurrer is overruled.