## DOROTHY B. MCNERNEY v. DOROTHY D. BLAKE

SUPERIOR COURT     NEW HAVEN COUNTY     FILE No. 69509

Memorandum filed August 5, 1948.

*David J. McCoy,* of New Haven, for the Plaintiff.

*Gumbart, Corbin, Tyler & Cooper,* of New Haven, for the Defendant.

MOLLOY, J. This is an action for the specific performance of an alleged agreement to convey land with building thereon, or in the alternative for damages. The Statute of Frauds and a claimed violation of the Sunday law relating to the entering into a contract on Sunday are the defenses offered. The burden was on the plaintiff to prove either authority in the agent, Mrs. Charlotte D. Thurston, to execute the memorandum of sale on behalf of the defendant or an estoppel sufficient to defeat the Statute of Frauds.

Mrs. Thurston was one of several agents who had the property in question for sale. There was no exclusive agency. Mrs. Thurston conducted negotiations with the plaintiff for the sale of the property culminating in the execution of exhibit "B" reserved for the signature of the witness, her name. The defendant did not sign.

It is the claim of the plaintiff that Mrs. Thurston signed her name to exhibit "B" as duly authorized to execute the same with power to sell for and on behalf of the defendant. I have considered this claim, I believe, carefully and I am not convinced that the evidence warrants that conclusion. Such a claim may be easily made, and undoubtedly there are instances where such is the fact. But that is not the usual case. The evidence offered in support of the plaintiff's claim in this respect is too uncertain. Mrs. Thurston testified that the contract should have the seller's signature and that she told the plaintiff she was going to get Mrs. Blake's signature so that the buyer could not back out and she was getting the agreement back to Mrs. Blake so that both parties would be bound. This evidence does not line up with the claim that Mrs. Thurston signed as an agent with authority to sell for Mrs. Blake.

On Wednesday following the signing of exhibit "B", Mrs. Blake changed her mind. She decided she was going to sell to another. Mrs. Thurston was not therefore an authorized agent whose signature would bind the defendant under the Statute of Frauds.

The plaintiff relies also on estoppel by reason of the conduct of the defendant. "One may likewise become estopped to set up the statute, by conduct sufficient to constitute an estoppel in ac-

448

cordance with the usual rules as to estoppel generally." *Wolfe v. Wallingford Bank & Trust Co.*, 124 Conn. 507, 513. It is well stated in note, 75 A. L. R. 650, 651 as essential to it that, "The plaintiff, in reliance on the contract and on the acts or acquiescence of the defendant, must have changed his position or prejudiced himself," and further quoting from 2 Story, Equity Jurisprudence (14th Ed.) § 1047, "nothing is to be considered as a part performance which does not put the party into a situation which is a fraud upon him unless the agreement is fully performed."

This case resolves itself down to the simple proposition that the owner of the property changed her mind before the time came to sign up. That was her prerogative, although sometimes to exercise it, as in this case, is not exactly commendable even though legal.

In the light of the foregoin conclusion other claims of the parties hardly warrant discussion. Judgment may enter for the defendant.