[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
March 31, 1987, the defendants, Sayed A. Monsif and Safi Wahba Monsif, gave the Dime Real Estate Services — Connecticut, Inc. a mortgage note in principal amount of four hundred fifty five thousand ($455,000.00) dollars, and secured by real estate known as 7 Desiree Drive, Greenwich, Connecticut. Defendants admit as much, in Paragraphs 1 and 2 of their Answer, dated January 25, 1994.
Said note and mortgage were immediately assigned to The Dime Savings Bank of New York, FSB, and are currently owned by the plaintiff, Home Savings Bank of America, (formerly known as The Bowery Savings Bank), by virtue of subsequent assignment recorded November 21, 1989 at Book 1992, Page 310 of the Greenwich Land Records. The Dime Savings Bank of New York, FSB (hereinafter "The Dime"), remains as servicing agent for such mortgage loan.
The subject mortgage loan initially entered the foreclosure process in November of 1992, with the resultant legal proceeding withdrawn in or about April, 1993 and upon the defendants curing CT Page 13371 their delinquency through March, 1993 and reinstating the subject loan. The defendants admit as much in Paragraphs 4, 5 and 6 of their Special Defenses, dated January 25, 1994.
Defendants failed to make their April, 1993 payment and monthly payments subsequently due. Thereupon, defendants inquired of the plaintiff in regard to a Forbearance Agreement. (Id.) Pursuant to defendants' inquiry and by letter dated May 28, 1993, plaintiff forwarded defendants a Forbearance Agreement, requiring, inter alia, remittance of $3,125.00 and return of signed and notarized copies of said Agreement on or before June 4, 1994.
Defendants received plaintiff's May 28, 1993 letter including the request for payment of $3,125.00. Defendants acknowledge as much in Paragraph 8 of their January 25, 1994 Special Defenses and further admit to forwarding only $3,000.00 to the plaintiff. As the $3,000.00 payment was not accompanied by signed copies of the Forbearance Agreement, such sum was not applied as a reduced payment pursuant to such Agreement.
Indeed, as signed copies of the Forbearance Agreement were not received by the plaintiff prior to the announced expiration date of its offer to forebear, plaintiff, by letter dated June 7, 1993, withdrew such offer. June 23, 1993, with the defendants in default under the terms of the mortgage note the subject loan again entered the foreclosure process. Instant proceeding was implemented by complaint dated July 26, 1993 and made returnable September 14, 1993.
Defendants have answered plaintiff's complaint, asserting Special Defenses predicated upon their claim that plaintiff is estopped from, has waived, and cannot commence instant proceeding under the terms of the Forbearance Agreement as offered in or about May of 1993. Plaintiff now moves that Summary Judgment on the issue of liability enter in its favor, as no written Forbearance Agreement was ever reached in regard to the subject mortgage loan, and said loan remains delinquent and in foreclosure, with the entire mortgage balance and interest having been deemed due and owing.
Plaintiff concedes that "a claim that the plaintiff breached an agreement to forebear from foreclosing a mortgage is a valid special defense to a mortgage-foreclosure action" citing GBT vs.Corbett Construction Co., Inc. 7 Conn. L. Rptr. No 18, 519, 520 CT Page 13372 (November 30, 1992). "Inconsistent conduct" on the part of the mortgagee, under certain circumstances may be deemed a waiver of right to accelerate the debt." Based on the remainder of the decision in GBT vs. Corbett Construction Co., Inc. plaintiff argues that the Forbearance Agreement must be in writing and satisfy the Statute of Frauds, CGS § 52-550(a) and subsection (a)(4) which provides
 "(a) No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by the party, or the agent of the party, to be charged: . . . (4) upon any agreement for the sale of real property or any interest in or concerning real property; . . ."
The holding and rationale of the GBT vs. Corbett case is that "an agreement to forbear from foreclosing a mortgage involves an interest in real property; therefore, such an agreement is within the purview of the Statute of Frauds and must be in writing." The court stated that "no Connecticut case law addresses this issue". Judge Inglis in Becker vs. Dramin, 6 Conn. Sup. 33 (1938) addressed an analogous issue and held that an oral agreement to cancel a note and mortgage was not within the Statutes of Frauds and particularly subsection (a)(4).
 "Under our law it is, of course, well established that a mortgage conveys to the mortgagee the legal title to the property mortgaged. It conveys to him that title, however, only as security for the debt, and for most purposes the mortgagor is regarded as the sole owner of the land. The mortgage debt is the principal thing and the security follows the debt. The interest in land is transferred to the mortgagee only as security and, therefore, the mortgagee is treated as as are incidental to the enforcement of his security." McKelvey vs. Creevey, 72 Conn. 464; Pettus vs. Gault, 81 id. 415, Weed vs. Hoge, 85 id. 490.
 ". . in this State, it is held that the debt is the principal thing and that the conveyance of the title to real estate is simply security CT Page 13373 for the debt, it is held that an agreement to cancel is not within the Statute of Frauds." Stevens vs. Turlington, 186 N.C. 191; 32 A.L.R. 870, Anno. p. 874; 2 Jones, Mortgages (8th ed.) § 1256."
There is an apparent conflict between these two decisions as to whether a mortgage forbearance agreement must satisfy this section of the Statute of Frauds. Even if we assume it must satisfy the Statute of Frauds, the Statute may be waived by the mortgagee or it may be estopped by its action to set up or assert the statute. Wolfe vs. Wallingford Bank TrustCo., 124 Conn. 507 (1938), McNerney vs. Blake, 15 Conn. Sup. 446
(1948).
The plaintiff claims that the offer to forbear was withdrawn; however, the defendants have provided evidence that the check sent to accept the agreement was cashed by the plaintiff. Accordingly. the defendants have shown inconsistent conduct which may create a viable defense to the action. Glastonbury Bank Trust Co. vs. Corbett Construction Co., 7 Conn. L. Rptr. 519, 520 (October 15, 1992, Walsh, J.). The plaintiff's motion for summary judgment is denied as there is a genuine issue of material fact regarding the existence of a forbearance agreement.
HICKEY, JUDGE